ANNA SADLIER, as Administratrix, etc., of RICHARD SADLIER, Deceased, Appellant, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Respondent.— Action for wrongful death as a consequence of an automobile, driven by decedent, coming in contact with a steel pillar maintained by the defendant on the sidewalk of a street in Jersey City pursuant to statutory authority, which pillar, plaintiff claimed, should have been marked with black and white stripes. Judgment dismissing the complaint at the close of plaintiff's case unanimously affirmed, with costs. The pertinent New Jersey decisions require this result. (Lorentz v. Public Service Ry. Co., 103 N. J. L. 104; Denzer v. D., L. & W. R. R. Co., Id. 95.) Present — Young, Carswell, Davis, Adel and Taylor, JJ.

CATHERINE S. SASS, as Administratrix, etc., of GERTRUDE M. SIEGEL, Deceased, Respondent, v. ANTON P. HOEFFNER, Appellant.— Action for wrongful death as a consequence of injuries received by the deceased in a head-on collision between two automobiles in the State of Virginia. Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Young, Carswell, Davis, Adel and Taylor, JJ.

SAMUEL SHAPIRO, Respondent, v. PRESS PUBLISHING CO., INC., Appellant.— In an action to recover damages for breach of contract, judgment, order amending judgment and order denying defendant's motion to set aside the verdict and to grant a new trial, affirmed, with costs. No opinion. Young, Hagarty and Johnston, JJ., concur; Davis, J., dissents and votes to reverse and dismiss the complaint on the ground that the evidence does not sustain the determination reached at Trial Term that the plan of plaintiff was novel and that plaintiff was entitled to damages by reason of defendant's use thereof in its publication. (See Shapiro v. Press Publishing Co., Inc., 235 App. Div. 698.) Lazansky, P. J., not voting.

JOHN F. SHIELDS, Appellant, v. JOSEPH DiGIACOMO, JOSEPHINE DiGIACOMO, ANTHONY SFRAGA and MARIE P. SFRAGA, Respondents.— Action to recover judgment on a bond executed by the defendants secured by a mortgage on real property, the lien of which was extinguished by a foreclosure of a prior mortgage. Order of the County Court of Nassau county denying plaintiff's motion under rule 112 of the Rules of Civil Practice for judgment on the pleadings reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. The Mortgage Moratorium Acts are not available to the defendants. (Weisel v. Hagdahl Realty Co., Inc., 241 App. Div. 314; Brenek v. Bednar, 243 id. 622.) Young, Carswell, Davis, Adel and Taylor, JJ., concur.

PARKER SLOANE, Respondent, v. AUGUST KNEHER, Appellant, and Others, Defendants.— Order amending, nunc pro tunc, judgment in foreclosure action two months after the original judgment had been entered, by inserting therein an additional allowance of two hundred dollars costs to the plaintiff, reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. There was no inadvertence in omitting the additional allowance in the original judgment. It does not appear that there was any application for such allowance. The court was without power to make the amendment in that respect. (Herpe v. Herpe, 225 N. Y. 323.) Young, Carswell, Davis, Adel and Taylor, JJ., concur.