■ CHEMICAL BANK, Respondent-Appellant, v DAVID C. BUXBAUM, Appellant-Respondent, and SOLOMON BUXBAUM, Intervenor-Appellant-Respondent.—In an action to foreclose a mortgage, defendant, David C. Buxbaum, appeals from an order of the Supreme Court, Kings County, dated November 14, 1978, which, *inter alia,* directed him to pay $450 per month to a receiver. Defendant and the intervenor, Solomon Buxbaum, appeal from other orders of the same court as follows: (1) dated April 24, 1979, which denied their motion to vacate the decision which awarded plaintiff counsel fees; (2) dated May 23, 1979, which denied their motion to cancel the *lis pendens* on the property; (3) dated July 16, 1979, which denied their motion to set aside an order dated February 13, 1979, which, *inter alia,* granted plaintiff's application to fix counsel fees; (4) dated July 23, 1979, which, *inter alia,* ordered defendant to pay real estate taxes on the property and to pay the receiver $450 per month; and (5) dated August 9, 1979, which denied their application to discharge the temporary receiver. Plaintiff, Chemical Bank, appeals from two orders of the same court, as follows: (1) dated December 1, 1978, which, *inter alia,* stayed the foreclosure sale pursuant to section 1341 of the Real Property Actions and Proceedings Law; and (2) dated June 22, 1979, which denied plaintiff's motion to vacate the stay of the foreclosure sale. Appeal from the order dated April 24, 1979, which denied a motion to vacate the decision awarding counsel fees, dismissed, without costs or disbursements. No appeal lies from such an order (see *Stahl v Stahl,* 11 AD2d 943). We deem the notice of appeal from that order to be from the order dated April 23, 1979, which awarded plaintiff counsel fees of $8,962.50. Orders dated November 14, 1978, December 1, 1978, May 23, 1979, June 22, 1979, July 16, 1979, July 23, 1979 and August 9, 1979, affirmed, without costs or disbursements. No opinion. Order dated April 23, 1979, which awarded the plaintiff $8,962.50 as counsel fees, modified, on the law, by deleting the second decretal paragraph thereof, which amended the judgment of foreclosure and sale to include the said award. As so modified, said order affirmed, without costs or disbursements, and without prejudice to the parties pursuing whatever additional remedies they may deem advisable. In the underlying foreclosure action, plaintiff's application for counsel fees was initially denied in an order dated August 4, 1978 and, on August 10, 1978, a judgment of foreclosure and sale was entered which contained no provision for counsel fees in accordance with the afore-mentioned order. Subsequently, however, by order to show cause dated August 23, 1978, plaintiff moved for an order permitting it to proceed with the foreclosure sale *without prejudice to a later application to resettle the judgment to include an award of counsel fees.* On September 26, 1978 Mr. Justice Pino (the same Justice who had signed the order dated Aug. 4, 1978) granted that unorthodox motion "without prejudice to [plaintiff's] pursuing its remedies for counsel fees and real estate taxes." No appeal was taken from that order and, on February 13, 1979, the same court, *inter alia,* granted so much of plaintiff's motion as sought the fixation of counsel fees in the foreclosure action and ordered that a hearing be held to determine the amount. That hearing was held on March 1, 1979 and, on March 20, 1979, a decision was rendered fixing the amount at $8,962.50. Thereafter, in a series of orders dated April 23 and 24, 1979, respectively, (1) plaintiff was awarded $8,962.50 in counsel fees and the judgment of foreclosure and sale was amended accordingly, and (2) appellants' motion to set aside the decision dated March 20, 1979 was denied. No appeal was taken from the order dated February 13, 1979, but in June of 1979 appellants moved to vacate that order claiming that the court lacked jurisdiction to amend its own judgment (see

*Herpe v Herpe,* 225 NY 323). As has already been indicated, that motion was denied in an order dated July 16, 1979. Treating the motion decided February 13, 1979 as one made in pursuance of the order dated September 26, 1978 to modify so much of the order dated August 4, 1978 as denied plaintiff's application for counsel fees, it would appear that upon the granting of said motion and the modification of the underlying order, *inter alia,* to include such fees, plaintiff's proper remedy as regards the judgment of foreclosure and sale was to move for its vacatur pursuant to CPLR 5015 (subd [a], par 5) rather than seek its amendment, as it is well established that a court cannot by amendment change its own judgment in a matter of substance; such errors must be corrected either by way of appeal or by vacatur of the judgment itself (see *Herpe v Herpe, supra; Dime Sav. Bank of Brooklyn v Altman,* 249 App Div 174; *Sloane v Kneher,* 246 App Div 826; cf. *Horan v Town of Brookhaven,* 29 AD2d 563). Accordingly, so much of the order dated April 23, 1979 as purported to amend the underlying judgment cannot be permitted to stand. However, as regards appellants' additional contention that the application for modification of the order dated August 4, 1978 was untimely, we note that plaintiff had timely moved, in effect, to reargue that order on or about August 23, 1978, and that the practical effect of the resulting order of Mr. Justice Pino (dated Sept. 26, 1978) was to modify his order dated August 4, 1978 to the extent of providing that the denial of counsel fees in the foreclosure action was to be "without prejudice" to a subsequent application by the plaintiff to alter that aspect of the award. As has already been indicated, no appeal was taken from that order or the order made in pursuance thereof on February 13, 1979, nor did the appellants purport to object to this preservation of the plaintiff's rights until June, 1979, more than eight months after the date of the September 26 order. In accordance with the precept that parties are to a large extent free to chart their own procedural course through the courts (see *Cullen v Naples,* 31 NY2d 818; *Stevenson v News Syndicate Co.,* 302 NY 81), and given the unusual circumstances of this particular case, we believe that the foregoing series of events rendered the subsequent application timely. We have considered the remaining contentions and find them to be without merit. Hopkins, J. P., Damiani, Gulotta and O'Connor, JJ., concur.