OPINION OF THE COURT
Karen K. Peters, J.
By petition dated May 17, 1989, petitioner moved in the Family Court of Columbia County for an award of support for herself and the parties’ two minor children, Kathryn E. (date of birth July 11, _) and Steven D. (date of birth Jan. 14, _).
After extensive hearings held before Hearing Examiner James A. Spencer of that court on July 25, 1989 and November 21, 1989, by order dated March 16, 1990, respondent was ordered to pay $700 per month for child support, $250 per month for spousal support plus all tuition and necessary costs for the education of the children at the Berkshire School, all necessary costs for the attendance of the children at summer camp, all mortgage, home equity loan and real property taxes due or to become due on the marital residence, maintain complete health insurance coverage in favor of the petitioner and the children and pay for all uninsured, unreimbursed medical expenses for both the petitioner and the children.
Pursuant to section 439 (e) of the Family Court Act, respondent sought an appeal of the Hearing Examiner’s findings of fact, dated March 19, 1990, and order of support, dated March *302 16, 1990, by filing a notice of objections in the Family Court of Columbia County. Therein respondent claimed as follows:
1) That the Hearing Examiner’s order requiring respondent to maintain health insurance coverage was based upon the incorrect conclusion that respondent had been providing health insurance coverage for the benefit of the petitioner and the children prior to the institution of these proceedings;
2) That the Hearing Examiner failed to include in his calculation of respondent’s monthly expenses the court-ordered support obligation and other expenses awarded to petitioner by the temporary order of support dated June 19, 1989, as well as the monthly expense of summer camp. Hence, should those expenses be included in respondent’s monthly accounting, and calculating what respondent’s income would have to be to meet such obligations, respondent contends that the Hearing Examiner awarded petitioner more than his net income. Moreover, such award did not account for respondent’s own maintenance;
3) That the Hearing Examiner failed to factor the visitation expenses incurred by the respondent when he exercised visitation with the children two to three days a week;
4) That in determining the fringe benefits received by respondent, the Hearing Examiner incorrectly determined that he was furnished an automobile by_;
5) That since the time of the original hearing, respondent has incurred a new necessary expense — a $250 a month car payment — which respondent contends should be considered by this court on appeal;
6) That notwithstanding a request made at the hearing for a determination that respondent be entitled to claim the children as dependents for tax purposes, no such determination was made by the Hearing Examiner;
7) That as result of the availability of respondent’s 1989 K-l filing on appeal showing his gross earnings from_, to be $73,408, respondent requests a modification of the Hearing Examiner’s finding that his annual income is $110,000;
8) That the Hearing Examiner erred in his calculation of respondent’s proportionate share of child support under the Child Support Standards Act (L 1989, ch 567) by calculating his share to be more than 25% of his income. Furthermore, the Hearing Examiner incorrectly ordered respondent to pay, in addition to child support, the full amount of the children’s expenses for education and summer camp, along with all *303 mortgage, home equity loan and real property taxes due and to become due on the marital home, since these "payments are already factored into the percentages of support required under * * * section [413 of the Family Court Act].”
Section 439 (e) of the Family Court Act authorizes this court, based upon its review of the objections, to (1) remand one or more issues of fact to the Hearing Examiner, (2) make, with or without holding a new hearing, the court’s own findings of fact and order, or (3) deny the objections. In connection therewith, this court has fully reviewed the objections submitted by respondent on April 12, 1990, the rebuttal thereto submitted by petitioner on April 23, 1990 and, finally, the reply to petitioner’s rebuttal dated April 27, 1990. This court has also reviewed the Hearing Examiner’s findings of fact, dated March 19, 1990, order of support, dated March 16, 1990, the transcript of the hearings held on July 25, 1989 and November 21, 1989 and all evidence submitted. A copy of such transcript was received by this court on or about October 5, 1990.
With respect to respondent’s first objection regarding the provision of health insurance coverage, this court refers to section 416 of the Family Court Act, as amended, which provides, in pertinent part, as follows: "The court may include in the requirements for an order for support the providing of necessary shelter, food, clothing, care, medical attention * * * the expense of education * * * and other proper and reasonable expenses, provided, however, that when any legally responsible relative has health insurance available through an employer * * * that may be extended to cover persons on whose behalf the petition is brought and when the court determines that the employer * * * will pay for a substantial portion of the premium on any such extension of coverage, any order of support shall require such responsible relative to exercise the option of additional coverage in favor of such persons whom he or she is legally responsible to support * * *. When more than one legally responsible relative has such health insurance available and the court determines that the policies are complimentary, the court may order both legally responsible relatives to exercise the option of additional coverage as provided herein.” Notwithstanding extensive testimony at several different times throughout these proceedings that the petitioner, through her employment with _, has provided health insurance coverage for herself and her family prior to the institution of these proceedings, the *304 Hearing Examiner in the instant case made a finding on page two of the findings of fact that "[t]he respondent provides health insurance coverage for the benefit of the petitioner and the children.” Hence, devoid of any indication in the record that the Hearing Examiner found respondent’s available policy to be more favorable than petitioner’s or that notwithstanding prior coverage provided by petitioner, respondent should exercise the health insurance policy available to him, this court concludes that there appears to be an error in fact made by the Hearing Examiner as to which of the parties had previously been providing family coverage. Accordingly, this court hereby remands this issue to the Hearing Examiner to either correct such error or make a determination that either the respondent or both parties should bear the cost of health insurance coverage.
Respondent’s third objection that the expenses incurred by him upon the exercise of visitation with his children two to three days per week should have been factored into the amount of child support awarded to petitioner must be denied in its entirety. While section 413 (1) (f) (9) (i) of the Family Court Act allows the court to deviate from the formula imposed by the Child Support Standards Act to appropriately reduce an award to the custodial parent if the noncustodial parent is forced to incur "extraordinary expenses” as a result of the exercise of visitation, "[cjertainly, it is not envisioned that the routine cost of providing meals, temporary lodging, and entertainment would constitute a basis for envoking this factor.” (Tippins, Child Support Standards Act [NY], Special Release [Sept. 1989].)
With respect to respondent’s fifth and seventh objections, respectively, that his $250 per month car payment and his 1989 K-l filing should be considered on appeal, this court concludes that such objections must also be denied in their entirety since respondent seeks to introduce evidence on appeal which was not introduced at the original hearing. Assuming, arguendo, that such information would be relevant to a determination of support, the more appropriate forum in which to introduce such evidence would be in the context of a request for a modification of the underlying order based upon new evidence.
With respect to respondent’s fourth objection that the Hearing Examiner incorrectly determined that respondent received an automobile as part of his fringe benefit package from _,_and_, this court has determined, pursu *305 ant to Family Court Act § 439 (e) and a perusal of the record herein, that such finding is not supported by the evidence presented and shall henceforth be reversed. The reversal of such finding becomes relevant within the context of respondent’s second, sixth and eighth objections which challenge the Hearing Examiner’s calculation of support under the Child Support Standards Act.
Based upon past earnings of_, the tax return, the income to date and the fringe benefits received, the Hearing Examiner determined respondent’s annual income to be $110,000. According to section 413 (1) (b) (5) (vii) of the Family Court Act, the Hearing Examiner should have then made certain deductions from this amount before calculating respondent’s child support obligation. In this context, respondent’s second objection that the Hearing Examiner failed to deduct from income the court-ordered support payments made pursuant to the temporary order of support dated June 19, 1989, becomes relevant. Although such temporary order and, in fact, the final order requires respondent to pay spousal support and although section 413 (1) (b) (5) (vii) (C) authorizes the court to deduct such amount from income prior to calculating the amount of the basic child support obligation, this court cannot find that the Hearing Examiner’s failure to deduct such amounts from income prior to calculating respondent’s proportionate share of child support under the Child Support Standards Act was error because neither the temporary nor final order "include[d] a provision authorizing an application to the court for an adjustment or modification of the child support amount if at any time the maintenance payments should terminate” (Lenigan v Lenigan, 159 AD2d 108, 111 [3d Dept 1990]; Family Ct Act § 413 [1] [b] [5] [vii] [C]). Judge Yesawich of the Appellate Division in Lenigan (supra, at 111) recently recommended that such provision should routinely be included in a permanent order requiring the payment of spousal support so that thereafter, spousal support made pursuant thereto would be deductible from the noncustodial parent’s income. Accordingly, this court directs the Hearing Examiner to include such provision in the final order on remand and therefore deduct all such spousal support from respondent’s income prior to calculating his proportionate share of child support under the Child Support Standards Act.
With respect to respondent’s eighth objection that because the Legislature intended the child support percentage to include an allowance for sheltering the children, the Hearing *306 Examiner erred when he ordered respondent to pay not only child support but also all mortgage, home equity loan and real property taxes due on the marital home, this court finds, as did Judge Yesawich in Lenigan v Lenigan (supra, at 112), that implicit in the Hearing Examiner’s order is a finding that respondent’s proportionate share of child support calculated in accordance with statutory guidelines was "unjust or inappropriate” (see, Family Ct Act § 413 [1] [f]). Under those circumstances, the Hearing Examiner was required to specifically identify all such factors it considered when it opted to vary from the statutory amount.
Although the Hearing Examiner did attempt to set forth the factors he considered when he deviated from the statutory guidelines, to wit: "and the court having found that the noncustodial parent’s pro rata share of the basic child support obligation is unjust or inappropriate in that: the petitioner will be making substantial contributions to the care and support of the children by assuming payment of mortgage, property taxes and education expenses all of which benefit the children, Order of Support, dated March 16, 1990, p. 1”, this court notes that the factor so specified by the Hearing Examiner incorrectly stated that it is the petitioner, not the respondent, who would be required to make such payments. Based upon such factual error and the absence of clearly delineated calculations used in computing the award for child support, this court remands the entire issue of calculation within directives of the Child Support Standards Act to the Hearing Examiner to clearly set forth his calculations and findings for child support concerning that combined parental income below $80,000 per year. With respect to the combined parental income over $80,000 per year, the Hearing Examiner is directed to specify how, and under which method — Child Support Standards Act or cost allocation — the computations will be made. In addition, should the Hearing Examiner deviate from a straight 25% award of the entire combined parental income as child support, the Hearing Examiner shall indicate which factors enumerated in section 413 (1) (f) of the Family Court Act it considered in arriving at such amount. In so doing, and with respect to respondent’s second objection, the Hearing Examiner is directed to reduce respondent’s annual income by amounts to be paid for spousal support and to allocate to either, not both, of petitioner’s or respondent’s monthly expenses, those expenses incurred for medical and dental care plus all mortgage, taxes and insurance.
*307 With respect to respondent’s sixth objection that the Hearing Examiner failed to consider the tax consequences to the parties, this court finds that since respondent failed to articulate such request during the scheduled hearings or in his proposed findings of fact and conclusions of law, such objection must be denied in its entirety since it cannot be raised for the first time on appeal.
With respect to respondent’s eighth objection that he be required to pay full tuition expenses for the children, this court is mindful that section 413 (1) (c) (7) authorizes the Hearing Examiner to order respondent to assume full payment of such expenses. On remand, should the Hearing Examiner clearly delineate why he found that a straight 25% calculation of the parties’ combined parental income would be an "unjust or inappropriate” award of child support and that respondent is to assume full payment of tuition expenses, this court would find that such determination was well within his discretion. With respect to respondent’s objection that he be required to assume full payment for summer camp, this court would again have to deny any such objection in the future if the decision on remand properly set forth the factors considered to arrive at such award.
Accordingly, based upon the reasons enumerated, this court hereby remands those issues detailed above to the Hearing Examiner for a full elucidation of the calculations it made under the Child Support Standards Act and, if appropriate, the way in which it chose to deviate from the statutory formula for that income above $80,000. The order on remand shall, if appropriate, include those factors considered in deciding to deviate from the statutory formula, with an inclusion in the final order authorizing an application to the court for an adjustment or modification of child support if the maintenance payments should terminate.
Finally, the court notes, parenthetically, that petitioner has included a request for attorneys’ fees which had not been addressed or resolved in the Hearing Examiner’s findings of fact or order of support. If no separate order has been issued regarding this matter, this court directs the Hearing Examiner to resolve the issue upon remand.
The prior order of the Hearing Examiner dated March 16, 1990, shall remain in full force and effect until the entry of a new order as directed herein with articulated findings.