■ In the Matter of ROSE M. PANDOZY, as Commissioner of Social Services, on Behalf of PATRICIA GAUDETTE, Respondent, v DONALD GAUDETTE, Appellant. [596 NYS2d 173] —Mahoney, J. Appeal from an order of the Family Court of Clinton County (McGill, J.), entered October 5, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for support of his children.

Respondent's sole argument on appeal is that the nonmone-

---

tary contributions he makes toward the care and well-being of his three minor children (Family Ct Act § 413 [1] [f] [5]), accompanied by the expenses he incurs as a result of his extended weekly visitation with them (Family Ct Act § 413 [1] [f] [9]), operate to render application of the Family Court Act § 413 formula for calculating his basic child support obligation unjust or inappropriate within the meaning of Family Court Act § 413 (1) (f). We disagree and accordingly affirm.

Initially, we see no error in Family Court's failure to consider respondent's visitation expenses. Family Court Act § 413 (1) (f) (9) makes clear that visitation expenses are factored into consideration only if the child "is not on public assistance". Inasmuch as all three of the children receive some form of public assistance, the expenses incurred by respondent in this regard are of no consequence in determining the fairness of applying the statutory child support formula. In any event, we do not perceive the every weekend visitation schedule to be so prolonged in duration or frequency as to constitute extended visitation within the meaning of Family Court Act § 413 (1) (f) (9) and cannot categorize respondent's provision of routine and essential services such as meals, lodging and entertainment to the children during visitation as extraordinary visitation expenses (see, Matter of Deborah D. v Theodore G., 149 Misc 2d 299, 304).

As regards respondent's nonmonetary contributions to the children's health and well-being, other than establishing that the visitation schedule provides for the children to stay with respondent every weekend from Friday evening until Sunday evening and that respondent faithfully discharges this obligation, he failed to develop the record any further in this regard. Rather, his testimony focused instead upon the monetary costs to him of feeding and caring for the children while in his charge. In light of this dearth of evidence accompanied by respondent's admission that he unilaterally and knowingly dissipated approximately $14,000 in bank accounts in the children's names, his highly superior financial resources (i.e., significant rental and corporate income in addition to that derived from a full-time job) and his substantially higher gross income than the children's mother, we see nothing in the record which compels the conclusion that respondent's $117 weekly pro rata share of the child support obligation is unjust or unfair.

Weiss, P. J., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.