■ In the Matter of MICHELLE M. JUNEAU, Respondent, v KEVIN P. JUNEAU, Appellant. [652 NYS2d 663] —White, J. Appeal from an order of the Family Court of Clinton County (McGill, J.), entered December 19, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for the support of his child.

We affirm Family Court's denial of respondent's objections to the Hearing Examiner's order. After a hearing, the Hearing Examiner, in accordance with the formula set forth in the Child Support Standards Act (Family Ct Act § 413 [1] [c]), established respondent's basic support obligation for his daughter in the sum of $167 biweekly. Respondent filed objections claiming that the order was unjust and inappropriate because the Hearing Examiner did not consider the expenses he incurs in exercising his visitation rights. Inasmuch as the child is receiving public assistance in the form of subsidized day care and food stamps, the Hearing Examiner was precluded from considering respondent's visitation expenses (*see, Matter of Pandozy v Gaudette*, 192 AD2d 779, 780).

In any event, visitation expenses incurred by a noncustodial

parent can provide the basis for reducing the basic child support obligation only when such expenses are, *inter alia*, "extraordinary" (Family Ct Act § 413 [1] [f] [9]). In this case, although the record shows that respondent exercised extensive visitation, we find that the services provided to the child by him during said visitations cannot be considered extraordinary, given, *inter alia*, the disparty between the parties' earnings and the competing expenses incurred by petitioner (*see, Matter of Pandozy v Gaudette, supra*).

We have not considered respondent's remaining contentions because they have been withdrawn or waived due to respondent's failure to file specific written objections (*see, Matter of Ballard v Davis*, 229 AD2d 705, 706).

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.