■ PATRICIA GAUDETTE, Respondent, v DONALD GAUDETTE, Appellant. [692 NYS2d 839] —Mikoll, J. Appeals (1) from an order of the Supreme Court (Lahtinen, J.), entered May 1, 1998 in Clinton County, which, *inter alia*, denied defendant's motion for modification of his child support obligation, (2) from an order of said court, entered August 26, 1998 in Clinton County, which, upon renewal, denied defendant's motion to, *inter alia*, vacate the judgment of child support arrears, and (3) from an order of said court, entered October 7, 1998 in Clinton County, which, *inter alia*, denied defendant's motion for reconsideration.

The parties' divorce was granted in November 1994 (234 AD2d 619, *appeal dismissed* 89 NY2d 1023, 91 NY2d 885). The instant matters are the most recent of a number of motions in which plaintiff sought to hold defendant in contempt for failure to make child support payments for their three minor children. The first matter, decided April 24, 1998, involves an order to show cause to enforce support orders and defendant's cross motion for a modification thereof. Supreme Court denied both petitions. The court found defendant's arrears to be $12,724. In denying modification, the court noted that the defendant failed to establish that defendant had a disabling medical condition or to otherwise prove that he was unable to work. Sometime thereafter defendant provided the court with medical documentation of his disability and inability to work which was uncontested by plaintiff.

The second motion was then brought in June 1998 for reconsideration of the prior matter. Defendant sought to vacate the judgment of arrears set in the previous proceeding, to have the separate monthly Social Security benefit received by his children determined to satisfy his child support obligations, and to secure a refund of all child support collected since March 13, 1995, the date of his disability, which exceeds the Social Security award. Supreme Court, by decision dated August 21, 1998, granted renewal and found that defendant had been awarded Social Security benefits and that he had established his inability to work. The court then vacated and set aside its April 24, 1998 decision which established arrears at $12,724. The court held that defendant's support obligations would be modified from March 4, 1997, the date his petition seeking modification was filed. The court calculated defendant's child support, pursuant to the Child Support Standards Act (hereinafter CSSA) (*see*, Domestic Relations Law § 240 [1-b]), based on his monthly Social Security disability benefits, and calculated defendant's arrears refusing to relieve him of ar-

rears accrued prior to the date of filing his application for modification, that is, March 4, 1997. These were set at $7,391.94 due as of August 31, 1998.

The third proceeding involves defendant's second request for reconsideration which Supreme Court denied in a decision dated September 24, 1998, holding that defendant's demand that the court address alleged due process violations, stemming from his appearance and rulings in May of 1995, must be addressed via the appellate process. The court declined defendant's request to set off his support obligation for his children by the full amount of Social Security benefits paid them due to his disability based on *Matter of Graby v Graby* (87 NY2d 605). The court held that defendant was afforded all credits as to child support he was entitled to by the court in its August 21, 1998 decision. The court also found that defendant failed to establish that he was entitled to any relief for arrears that accrued prior to his application for modification.

Defendant urges us to reverse the date Supreme Court set as the starting point of defendant's child support arrears, that is, from the date when his petition for modification was made. Pursuant to Domestic Relations Law § 236 (B) (9) (b), courts may not vacate child support arrears that have accrued (*see, Matter of Dox v Tynon*, 90 NY2d 166, 175-176) unless strict application of the statute undermines the legislative intent and causes " 'grievous injustice' " to a parent (*Matter of Reynolds v Oster*, 192 AD2d 794, 795). Defendant failed to establish any legitimate reasons for not making a timely application to modify. We reject defendant's challenge to the court's finding that he had income prior to his receipt of disability benefits. The record discloses he received real estate rentals.

Defendant urges that the facts of this case warrant a deviation from the CSSA. We disagree. Supreme Court correctly calculated defendant's child support obligation by applying the percentage required by the CSSA to defendant's income which is $942 (*see,* Domestic Relations Law § 240 [1-b] [b] [3] [iii]; [c] [2]). The minimal support payments imposed on him, ranging from $54 to $74 a month do not reflect an abuse of discretion on the part of Supreme Court.

We decline defendant's invitation to depart from the holding of *Matter of Graby v Graby* (87 NY2d 605, *supra*) and affirm Supreme Court's decision that defendant cannot be given credit toward his child support obligation for Social Security disability benefits paid to the children (*see, Matter of Vrooman v Vrooman*, 244 AD2d 122). All other relief requested by defendant was properly denied.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.