Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

■ In the Matter of Sherry O. Spoor, Appellant, v Gerald F. Spoor, Respondent. [714 NYS2d 358] —Peters, J. Appeal from an order of the Family Court of Greene County (Lalor, J.), entered June 8, 1999, which, *inter alia*, partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify a prior order of child support.

By a prior order of child support entered July 11, 1997, the parties' child Andrew (born in 1977) was deemed to be emancipated, Nicolaus (born in 1979) was found to reside with respondent 100% of the time and Audrey (born in 1984) was found to reside with petitioner 60% of the time. Pursuant to the Child Support Standards Act (hereinafter CSSA; Family Ct Act § 413), petitioner was directed to pay 17% of her income, or $105.36 weekly, to respondent for the support of Nicolaus and respondent was directed to pay 17% of his income, or $207.41 weekly, to petitioner less a proportional offset for the percentage of time that Audrey spent with him. This amounted to $21.16 weekly. By petition dated September 25, 1998, petitioner sought a modification thereof by alleging that Nicolaus had moved to her home and had become emancipated. However, by the filing of her second petition on November 20, 1998, Nicolaus, and now Andrew, were residing with her and both were unemancipated. By a third petition dated February 2, 1999 seeking a downward modification, respondent alleged that both Andrew and Nicolaus were emancipated and that he suffered an involuntary loss of income.*

At trial, the parties testified and offered numerous financial documents in support of their respective petitions. As here relevant, testimony was received from Nicolaus who described his current unemployment due to an unexpected return from North Carolina. He explained that his recent decision to live at a friend's house, as opposed to petitioner's, was in an effort to sidestep a seemingly established course of altercation between his parents over the issue of his child support. Although now seeking full-time employment, he described a desire to attend college once he could secure financial aid or some other method of support. He sought a finding of emancipation due to his

---

* Prior to trial, the parties stipulated that Andrew was unemancipated from October 24, 1998 through December 27, 1998.

belief that it would facilitate both public and private financial assistance so that he could pursue his education.

No testimony was received by respondent with respect to any change in the nature of his visitation with Audrey or of any additional expenses incurred. The remaining testimony addressed the financial circumstances of the parties which included respondent's filing for bankruptcy.

The Hearing Examiner found Nicolaus not to be emancipated yet determined that no support order would ensue since it would be injurious to his "psychological well-being" due to the strife he would surely endure as a result of his parents' animosity (Family Ct Act § 413 [1] [f] [2]). As to Audrey, Family Court continued the previous support order in the amount of $21.16 weekly. As a result of an order entered June 8, 1999, wherein Family Court denied petitioner's objections to the Hearing Examiner's determination, this appeal ensued.

We summarily dismiss petitioner's contention that she was entitled to all of the relief demanded in her petition pursuant to Family Court Act § 424-a due to respondent's failure to provide certain required financial information or because of the discrepancy noted between his financial disclosure affidavit and his bankruptcy petition concerning the value of his home. Although Family Court was authorized to grant the requested relief (see, Family Ct Act § 424-a), its failure to so order fell well within its discretion considering the extensive financial disclosure made, testimony explaining the reasons for the omission and the extensive cross-examination pertaining to these inconsistencies.

We further find no error in the determination of petitioner's income for purposes of the CSSA as such amount is fully supported by her W-2 form. Similarly unavailing are petitioner's challenges to the calculation of respondent's income even without including the income from NewEra Plastics—the business commenced by respondent and his current wife. Respondent testified that there was a discontinuance of the business in his name by certificate filed on September 30, 1997, and thereafter a dissolution of the business coupled with his filing for bankruptcy. Testimony further revealed that NewEra Plastics generated approximately $300 in profit and that respondent retained approximately $40 worth of plastic bags. As NewEra Plastics did not produce income which could impact upon the calculation of respondent's child support obligation, there exists no discernable error.

Turning to the request for a downward modification of support, we find respondent's petition to have properly raised the

issue. While Family Court noted that its previous use of the proportional offset formula for Audrey's support was specifically rejected by the Court of Appeals in *Bast v Rossoff* (91 NY2d 723), it did not then utilize the " 'precisely articulated, three-step method' for determining [her] basic child support obligation" (*id.*, at 726, quoting *Matter of Cassano v Cassano*, 85 NY2d 649, 652). Instead, it found that respondent's pro rata share of the basic child support obligation would be "unjust or inappropriate" based upon Domestic Relations Law § 240 [1-b] [f] factors.

Focusing first on Family Court's determination that respondent's expenses of visitation with Audrey warranted such deviation, we note that it was " '[c]ertainly * * * not envisioned that the routine cost of providing meals, temporary lodging, and entertainment would constitute a basis for envoking [*sic*] this factor' " (*Matter of Deborah D. v Theodore G.*, 149 Misc 2d 299, 304, quoting Tippins, Child Support Standards Act [NY], Special Release [Sept. 1989]). With the lack of testimony describing how his expenses have changed or why they might be viewed as "extraordinary", the adjustment was in error (*see, Matter of Juneau v Juneau*, 235 AD2d 839). As to the other enunciated ground supporting the deviation, again we find error. Although a deviation could conceivably be founded upon the maintenance of a beneficial standard of living (*see*, Domestic Relations Law § 240 [1-b] [f]), testimony or any other record evidence supporting such finding is lacking. Concluding that the amount of $21.16 is arbitrary and derived from Family Court's former use of the proportional offset formula, we remit this issue.

Remittal on the issue of support for Nicolaus is also mandated. Although we agree that Nicolaus should not have been found to be emancipated, his withdrawal from parental control was precipitated not by a desire to be independent, but by a desire to avoid being the trigger of disharmony between his parents (*see, Matter of Bogin v Goodrich*, 265 AD2d 779, 781). Aside from Family Court's failure to set forth in its written order the calculation of the proper amount of support pursuant to the CSSA—" 'an unbending requirement that cannot be waived by either party or counsel' " (*Bast v Rossoff*, 91 NY2d 723, 728, *supra*, quoting *Matter of Cassano v Cassano*, 85 NY2d 649, 653-654, *supra*; *see*, Domestic Relations Law § 240 [1-b] [g]), we find that the reason thereafter detailed to support the deviation constituted an abuse of the court's discretionary authority. It is precisely for this child's psychological well-being that the court, as a *parens patriae*, must order child sup-

port until such time that Nicolaus becomes emancipated (*see*, Family Ct Act § 413 [1] [a]); any other determination condones the highly toxic egocentric behavior of these parents which appears to have long ago led to the minor's relegation of his own needs as subordinate to that of his parents. The court, appropriately exercising its authority in making an award, can now lessen the psychological pressure these parents have thrust upon this young man by independently determining an amount which must be paid under threat of contempt and thereby decrease the alienation he is forced to endure as a result of their conduct.

Mercure, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied child support with regard to respondent's obligations for both Audrey Spoor and Nicolaus Spoor; matter remitted to the Family Court of Greene County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.