■ PATRICIA GAUDETTE, Respondent, v DONALD GAUDETTE, Appellant. [723 NYS2d 900] —Carpinello, J. Appeal from an order of the Supreme Court (McGill, J.), entered August 11, 2000 in Clinton County, which denied defendant's motion to correct errors in a prior order of child support.

Defendant is no stranger to this Court having been before us five times previously concerning issues of child support and custody (*see, Gaudette v Gaudette*, 263 AD2d 626, *appeal dismissed and lv dismissed and denied* 94 NY2d 789; *Matter of Gaudette v Gaudette*, 263 AD2d 620; *Matter of Gaudette v Gaudette*, 262 AD2d 804, *lv denied* 94 NY2d 790; *Gaudette v Gaudette*, 234 AD2d 619, *appeal dismissed* 89 NY2d 1023; *Matter of Pandozy [Gaudette] v Gaudette*, 192 AD2d 779). On this occasion, defendant appeals from the denial of his motion "for the correction of court errors in child support," errors which purportedly relate to Supreme Court's alleged failure to recognize his inability to be gainfully employed. The crux of defendant's argument is that four prior orders of Supreme Court failed to properly take this inability to work into account in calculating his child support arrearages, with particular emphasis on the court's denial of that portion of a March 1997 application which sought a downward modification of arrears for the time period preceding the filing of that application (*see*, Domestic Relations Law § 236 [B] [9] [b]).

Fundamentally, a party may not raise matters of substance by a motion for correction of errors (*see*, CPLR 5019 [a]; *Kiker v Nassau County*, 85 NY2d 879, 881). Rather, "such errors must be corrected either by way of appeal or by vacatur of the judgment itself" (*Chemical Bank v Buxbaum*, 76 AD2d 850, 851). Here, defendant has either failed to appeal, failed to perfect an appeal or already received appellate review of each of the orders he now attacks. Specifically, the first of these orders (entered March 1, 1995) was not appealed, as we have already had occasion to observe (*see, Gaudette v Gaudette*, 234 AD2d 619, 621, *supra*). The second and third orders were each the subject of prior appeals to this Court, were resolved on the

merits and, insofar as relevant to the instant matter, determined adversely to defendant (*see, Gaudette v Gaudette*, 263 AD2d 626, *supra*; *Gaudette v Gaudette*, 234 AD2d 619, *supra*). The last order is the subject of a notice of appeal dated March 27, 2000; however, no appeal has been perfected and the time to do so has since expired (*see*, 22 NYCRR 800.12). Moreover, upon our own review of the record, we find no basis to exercise our discretion to treat defendant's motion as one seeking to vacate the allegedly offending orders (*see, Szabo v Szabo*, 71 AD2d 32, 35), since defendant has had a full and fair opportunity to litigate the precise issue of arrearages in these prior proceedings and advances no compelling argument to vacate them.

Cardona, P. J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.