■ HUDSON DEEPWATER DEVELOPMENT, INC., Appellant, v CITY OF TROY et al., Respondents. [751 NYS2d 615] —Crew III, J.P. Appeal from an order of the Supreme Court (Canfield, J.), entered December 14, 2001 in Rensselaer County, which, inter alia, granted defendants' cross motion to dismiss the complaint for failure to state a cause of action.

Plaintiff is the lessee of certain real property located in the City of Troy, Rensselaer County, and owned by defendant Scolite International Corporation. Although the lease between plaintiff and Scolite included a purchase option, neither the lease interest nor the purchase option were recorded by plaintiff in the Rensselaer County Clerk's office. In October 1996, plaintiff applied for certification as a business within the City's "Economic Development Zone" and thereafter was notified by the Department of Planning and Community Develop-

ment of defendant City of Troy that such application had been granted.

At some point during the lease period, Scolite ceased paying taxes on the subject property, prompting the City to commence a tax foreclosure proceeding. Prior to commencing that proceeding, the City conducted a title search of the records contained in the offices of the Rensselaer County Clerk and Surrogate, which revealed no recorded interests in the property other than Scolite's. Following service of the petition and notice of foreclosure on Scolite and publication thereof, the City entered a judgment of foreclosure and acquired title to the property.

Plaintiff thereafter commenced this action in Supreme Court against the City and Scolite seeking to, inter alia, enforce the purchase option contained in its lease with Scolite. Plaintiff then moved for a preliminary injunction to enjoin Scolite from transferring title of the subject property to the City and to enjoin the City from interfering with plaintiff's alleged interests in the property. Defendants cross-moved to dismiss the complaint. Supreme Court subsequently denied plaintiff's request for injunctive relief and granted defendants' cross motion to dismiss the complaint, prompting this appeal.

Plaintiff's entitlement to injunctive relief, as well as the relief sought in its complaint, turn upon the construction to be given to RPTL 1125 (1), which provides, in pertinent part, that notice of a tax foreclosure proceeding must be sent to:

"each owner by certified mail and any other person by ordinary first class mail whose right, title, or interest was a matter of *public record* * * * and whose name and address are reasonably ascertainable from the public record, including the records in the offices of the surrogate of the county" (emphasis added). Plaintiff contends that its application for "Economic Development Zone" certification and the subsequent notice of confirmation for such certification are on record with the City's Department of Planning and Community Development and, accordingly, plaintiff was entitled to mail notice pursuant to the terms of RPTL 1125 (1), and the constructive notice afforded by publication denied it procedural due process.

It is axiomatic that when interpreting a statute, "[w]ords of ordinary import * * * are to be given their usual and commonly understood meaning, unless it is clear from the statutory language that a different meaning was intended" (*We're Assoc. Co. v Cohen, Stracher & Bloom*, 65 NY2d 148, 151). Generally, when referring to interests in real property and searching for such interests in the public record, we refer to a title search of the land records contained in the offices of the

County Clerk and Surrogate. Plaintiff, on the other hand, contends that the term "public record" encompasses the files of each and every local agency of the City. We disagree. The construction urged by plaintiff would broaden the definition of "public record" far beyond its commonly understood meaning, and it is clear that if the Legislature intended such an expansive construction, it would have said so (*cf. Matter of Anonymous*, 40 NY2d 96, 102). Indeed, the phrase in the statute, "including the records in the offices of the surrogate of the county," which follows the term "public record," suggests a limitation upon what public records the Legislature intended to be searched. Thus, while records of Supreme Court and County Court would be public records pursuant to plaintiff's interpretation and are so in the generic sense, given the statute's limiting language, such records clearly are not contemplated as a source to be searched by the taxing authorities. Accordingly, we find Supreme Court's interpretation of the statute not to have been unreasonable and, therefore, affirm.

Peters, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.