■ In the Matter of the Foreclosure of Tax Liens by COUNTY OF SCHUYLER. COUNTY OF SCHUYLER, Respondent; EDWARD SOL-

OMON Jr., Respondent, and SOLOMON FINANCIAL CENTER, INC., Appellant. MARGARET E. STARBUCK, as County Treasurer of the County of Schuyler, et al., Respondents. [921 NYS2d 376]—

Egan Jr., J. Appeal from an order of the Supreme Court (O'Shea, J.), entered December 15, 2009 in Schuyler County, which, in a proceeding pursuant to RPTL article 11, denied a motion by respondent Solomon Financial Center, Inc. to vacate a default judgment of foreclosure.

The subject of this dispute is a piece of real property located in the Village of Montour Falls, Schuyler County. The property was acquired by respondent Edward Solomon Jr. in September 2000. Executed simultaneously with the deed to Solomon was a mortgage in favor of respondent Solomon Financial Center, Inc. (hereinafter respondent) in the amount of $35,000. This mortgage was recorded with the Schuyler County Clerk in September 2000 and listed respondent, as mortgagee, with the address of 564 Hammond Road, NE, Atlanta, Georgia. Solomon failed to pay the real property taxes due and owing as of January 1, 2005 and, in November 2006, petitioner commenced this foreclosure proceeding pursuant to RPTL article 11. Despite petitioner's efforts to notify respondent of the pending foreclosure proceedings, respondent never answered the petition or otherwise sought to rectify the tax delinquency. Thus, in August 2007, a default judgment of foreclosure of petitioner's tax lien was entered and Margaret Starbuck, as County Treasurer of the County of Schuyler, executed a deed conveying the property to petitioner.[1] Approximately two years later, in August 2009, respondent moved by order to show cause to, among other things, vacate the default judgment, contending that it did not receive notice of the proceedings "as required by [the] applicable laws." Supreme Court denied respondent's motion and respondent now appeals.[2]

We affirm. "According to RPTL 1131, '[a] motion to reopen [a

1. Petitioner then conveyed the property to the Village, which, in turn, conveyed the property to Montour Falls House, LLC in exchange for its promise to restore and develop the property to certain specifications. Once Montour Falls House received title, it, among other things, entered into lease, leaseback and mortgage agreements with the Schuyler County Industrial Development Agency and Elmira Savings Bank, FSB.

2. In 2007, Solomon, who is the son of respondent's chief executive officer, moved to vacate the default judgment, which motion was denied by Supreme Court (O'Shea, J.). In 2008, Solomon commenced a CPLR article 78 proceed-

default judgment of foreclosure] may not be brought later than one month after entry of the judgment' " (*Matter of County of Sullivan [Fay]*, 79 AD3d 1409, 1410 [2010], quoting *Matter of County of Sullivan [Spring Lake Retreat Ctr., Inc.]*, 39 AD3d 1095, 1095 [2007]; *see Kennedy v Mossafa*, 100 NY2d 1, 8 [2003]; *Matter of County of Clinton [Bouchard]*, 29 AD3d 79, 81 [2006]). Here, the judgment was entered in August 2007, yet respondent did not move to vacate until August 2009. Thus, Supreme Court properly denied respondent's motion as untimely.

Respondent's assertion that the limitations period applicable to motions to vacate never commenced running because it was not given adequate notice under RPTL 1125 is unavailing. At the time that the foreclosure proceeding was commenced, the RPTL required petitioner to direct notice of the proceeding to "each owner by certified mail and any other person by ordinary first class mail whose right, title, or interest was a matter of public record as of the date the list of delinquent taxes was filed, which right, title or interest will be affected by the termination of the redemption period, and whose name and address are reasonably ascertainable from the public record" (RPTL 1125 [former (1) (a)], as amended by L 2006, ch 415, § 1 [eff Nov. 23, 2006]). In the real property context, a reasonable search of the public record includes a search of land records contained in the offices of the County Clerk and Surrogate (*see Hudson Deepwater Dev. v City of Troy*, 299 AD2d 801, 803 [2002]), but does not necessarily require either an Internet search (*see Kennedy v Mossafa*, 100 NY2d at 10) or a search of records of the Supreme Court or County Court (*see Hudson Deepwater Dev. v City of Troy*, 299 AD2d at 803).

In conjunction with petitioner's foreclosure proceeding, Starbuck undertook a search of the records of the Schuyler County Clerk and, based on the results, caused a combined notice of foreclosure and petition to be mailed by first class mail to the Atlanta, Georgia address as listed by respondent on the recorded mortgage. After the notice was returned marked "return to sender—not deliverable as addressed—unable to forward," petitioner, through its deputy treasurer, attempted to locate another address for respondent, and undertook an Internet search, which revealed a California entity entitled "Solomon Financial Mortgage" that was served with the combined notice of foreclosure and petition. The mailing to the California entity was not returned. In addition, petitioner complied with the statutory posting and publication requirements of RPTL 1124. We find

___

ing in Tompkins County seeking, among other things, an order vacating the default judgment, which was dismissed by Supreme Court (Mulvey, J.).

that, based on these actions, petitioner's efforts were in compliance with RPTL article 11 (*compare Matter of Harner v County of Tioga*, 5 NY3d 136, 140 [2005]).

We also find that petitioner's efforts complied with the requirements of due process, which are "satisfied where 'notice [is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections' " (*Matter of County of Sullivan [Fay]*, 79 AD3d at 1411, quoting *Matter of Harner v County of Tioga*, 5 NY3d at 140; *see Kennedy v Mossafa*, 100 NY2d at 9). "Due process does not require actual notice by the property owner, only reasonable efforts to provide notice under the circumstances" (*Matter of County of Sullivan [Fay]*, 79 AD3d at 1411 [citation omitted]). Where, as here, petitioner complied with the notice requirements of RPTL article 11 and there is no evidence that a further search of the public records would have revealed any further information, including that respondent's address as listed on the mortgage was no longer valid, "due process [did] not require petitioner to go to lengths beyond the inquiry, publication and posting measures taken here" (*id.*; *see Matter of Harner v County of Tioga*, 5 NY3d at 141; *Kennedy v Mossafa*, 100 NY2d at 10). We are also unpersuaded that because, prior to petitioner's foreclosure action, the Village initiated a declaratory judgment action involving the same parcel of property and, in that action, caused respondent to be served at an address in Hilton Head Island, South Carolina—an address that respondent claims it had moved to several years prior to petitioner's foreclosure proceeding—the knowledge of the Village is automatically imputed to petitioner (*see Matter of County of Sullivan [Spring Lake Retreat Ctr., Inc.]*, 39 AD3d at 1096). Likewise, the fact that the South Carolina address appeared on papers received by the County Attorney in the Village's action does not demonstrate that the address listed on the mortgage was no longer valid or that Starbuck's search of the public record was insufficient (*see Hudson Deepwater Dev. v City of Troy*, 299 AD2d at 803). Furthermore, given the statutory presumption of validity in tax lien foreclosure proceedings (*see* RPTL 1134; *Kennedy v Mossafa*, 100 NY2d at 8; *Matter of Village of Fleischmanns [Delaware Natl. Bank of Delhi]*, 77 AD3d 1146, 1147 [2010]; *Sendel v Diskin*, 277 AD2d 757, 758 [2000], *lv denied* 96 NY2d 707 [2001]), we are unpersuaded that respondent's denial of service and conclusory allegations—that prior to September 2006, respondent's chief executive officer visited the County Treasurer's office and provided a "dark haired woman" with respondent's forwarding address—rebut that presumption and necessitates a hearing to determine if jurisdiction had been attained.

In light of this determination, we need not address respondent's remaining contentions, including the assertions that Supreme Court improperly found that respondent was obligated to notify petitioner of its change in address pursuant to RPTL 1125 (1) (d) and improperly suggested that respondent should have filed a declaration of interest pursuant to RPTL 1126.

Peters, J.P., Spain, Rose and Stein, JJ., concur. Ordered that the order is affirmed, without costs.