In the Matter of the Foreclosure of Tax Liens by COUNTY OF CLINTON, Respondent. GREENPOINT ASSETS, LTD., Appellant. [984 NYS2d 216]—

McCarthy, J. Appeal from an order of the County Court of Clinton County (Lawliss, J.), entered November 9, 2012, which, in a proceeding pursuant to RPTL article 11, denied respondent's motion to, among other things, vacate a default judgment entered against it.

In September 2008, respondent—a foreign corporation established under the laws of the British Virgin Islands and maintaining its principal offices in Hong Kong—purchased three parcels of real property in the Town of Altona, Clinton County. The parcels were contiguous and only one of them had road access. While respondent apparently paid the property taxes on the parcels in 2009, it failed to pay them thereafter and, in October 2011, petitioner commenced this foreclosure proceeding pursuant to RPTL article 11. Notice of the proceeding was served upon respondent by both first class and certified mail sent to its Hong Kong address in October 2011. After the certified letter was returned, petitioner again attempted service by both first class and certified mail in November 2011. Both letters were returned this time, after which petitioner unsuccessfully attempted to locate a valid address for respondent. Thereafter, petitioner posted notice of the foreclosure proceeding on a telephone pole located on the parcel of respondent's property that had road front access.

After respondent failed to appear in the proceeding, petitioner moved for a default judgment, which motion County Court (McGill, J.) granted in March 2012. Thereafter, in August 2012,

respondent moved to stay the sale of its property and to vacate the default judgment. County Court (Lawliss, J.) denied respondent's motion. Respondent appeals.

We affirm. "A motion to reopen a default judgment of tax foreclosure 'may not be brought later than one month after entry of the judgment' " (*Matter of Foreclosure of Tax Liens by County of Clinton [Tupaz]*, 17 AD3d 914, 915 [2005], quoting RPTL 1131; *see Matter of County of Sullivan [Dunne—Town of Bethel]*, 111 AD3d 1232, 1234 [2013]). Significantly, " 'the statute of limitations set forth in RPTL 1131 applies even where, as here, the property owner asserts that he or she was not notified of the foreclosure proceeding' " (*Matter of County of Sullivan [Dunne—Town of Bethel]*, 111 AD3d at 1234, quoting *Matter of County of Herkimer [Moore]*, 104 AD3d 1332, 1333 [2013]). Here, the default judgment was entered in March 2012 and it is undisputed that respondent did not move to vacate the default until August 2012. Accordingly, County Court properly denied respondent's motion as untimely.

Additionally, we reject respondent's contention that the statute of limitations period for its motion to vacate never commenced running because petitioner failed to comply with the notice requirements of RPTL 1125. Pursuant to RPTL 1125 (1) (b) (i), notice of a foreclosure proceeding shall be sent to a party entitled to notice by certified mail and first class mail and "[n]otice shall be deemed received unless *both* the certified mailing and the ordinary first class mailing are returned by the United States postal service within [45] days after being mailed" (*see Matter of County of Sullivan [Dunne—Town of Bethel]*, 111 AD3d at 1234-1235; *Matter of County of Sullivan [Matejkowski]*, 105 AD3d 1170, 1171 [2013], *appeal dismissed* 21 NY3d 1062 [2013]). Further, where one of the notices is not returned within the requisite period, a petitioner is " 'not obligated to take additional steps to notify [the] respondent of the foreclosure proceeding' " (*Matter of County of Sullivan [Dunne—Town of Bethel]*, 111 AD3d at 1235, quoting *Matter of County of Herkimer [Moore]*, 104 AD3d at 1334). Here, the first class mailing sent to respondent in October 2011 was never returned to petitioner. Additionally, although the November 2011 first class and certified mailings were both returned, that did not occur within 45 days; they were returned more than 100 days after being mailed. As a result, the mailings were deemed received and petitioner's obligation to provide notice under the statute was satisfied (*see* RPTL 1125 [1] [b] [i]; *Matter of County of Sullivan [Matejkowski]*, 105 AD3d at 1171).

Respondent's contention that it was not afforded due process

is similarly unavailing. The requirements of due process are satisfied where " 'notice [is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [proceeding] and afford them an opportunity to present their objections' " (*Matter of Harner v County of Tioga*, 5 NY3d 136, 140 [2005], quoting *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]; *see Kennedy v Mossafa*, 100 NY2d 1, 9 [2003]; *Matter of County of Schuyler [Solomon Fin. Ctr., Inc.]*, 83 AD3d 1243, 1246 [2011], *lv dismissed* 17 NY3d 850 [2011]). However, this does not require local taxing authorities to undertake extraordinary efforts to discover the location of a property owner whose address cannot be located in the public records (*see Prisco v County of Greene*, 289 AD2d 681, 683 [2001]; *Tobia v Town of Rockland*, 106 AD2d 827, 829 [1984]).

Here, in addition to complying with the notice requirements of RPTL article 11 (*see* RPTL 1125 [1] [b] [i]; [c]), petitioner took the additional steps of filing a change of address verification form with the post office, checking the local telephone book and several county agencies for notice of a possible address change, reviewing both the deeds and the equalization and assessment form to verify respondent's address, and reviewing the title search obtained for the tax foreclosure to determine whether there was any document on record that would provide an alternative address for respondent. Accordingly, petitioner undertook a more detailed and exhaustive search than was required and, therefore, respondent was not deprived of due process (*see generally Mac Naughton v Warren County*, 20 NY3d 252, 257 [2012]; *Matter of County of Schuyler [Solomon Fin. Ctr., Inc.]*, 83 AD3d at 1246).

We have considered respondent's remaining contentions and find them to be without merit.

Lahtinen, J.P., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.