■ JOHN ARTHUR GOODFRIEND, Appellant, v VILLAGE OF JEFFERSONVILLE et al., Respondents, et al., Defendants. [998 NYS2d 237]—

Devine, J. Appeal from an order of the Supreme Court (Melkonian, J.), entered March 6, 2013 in Sullivan County, which granted motions by defendants Village of Jeffersonville and County of Sullivan to, among other things, dismiss the complaint against them.

Defendant County of Sullivan commenced a real property tax foreclosure proceeding on behalf of defendant Village of Jeffersonville in December 2011 and served plaintiff with a petition and notice of foreclosure in January 2012. The petition stated, among other things, that the date for service of a verified answer in opposition to the petition or to redeem plaintiff's properties was April 3, 2012. Despite receiving stacks of foreclosure notices, plaintiff neglected to serve an answer or otherwise appear, and a default judgment was entered against him on April 27, 2012. After plaintiff's efforts to redeem and repurchase the properties proved unsuccessful, plaintiff presented County Court with a proposed order to show cause seeking to vacate the judgment of foreclosure and temporarily stay the impending auction of the properties, challenging, among other things, the imposition of the "confiscatory" rate of interest and penalties that had accrued on the tax liens. County Court (McGuire, J.) held a hearing on plaintiff's application for a temporary restraining order and issued a written order on June 20, 2012 denying plaintiff's application.* That same day, plaintiff's properties were sold at public auction.

In September 2012, plaintiff commenced the instant action for a judgment declaring that the foreclosure proceeding was a legal nullity inasmuch as the County lacked the requisite legal authority to conduct it on behalf of the Village, that the Village was required to accept plaintiff's tender of back tax payments and, finally, that a hearing on the amount of damages that plaintiff had sustained as a result of the alleged illegal actions

---

* Plaintiff subsequently filed a notice of appeal from County Court's order in July 2012, but failed to perfect the appeal, thereby abandoning it (see 22 NYCRR 800.12; Gaudette v Gaudette, 283 AD2d 698, 699 [2001]).

by the County and Village was necessary. The County and the Village made separate motions to dismiss the complaint and vacate the notices of pendency that plaintiff had filed. Supreme Court (Melkonian, J.), determining that plaintiff's claims were barred by the doctrines of res judicata and collateral estoppel, granted the motions to dismiss. Plaintiff appeals and we affirm Supreme Court's order dismissing the complaint, albeit on different grounds.

"A tax debtor's motion to reopen a default judgment of tax foreclosure 'may not be brought more than one month after entry of the judgment' " (*Matter of County of Clinton [Bouchard]*, 29 AD3d 79, 81 [2006], quoting RPTL 1131; *see Matter of County of Sullivan [Fay]*, 79 AD3d 1409, 1410 [2010], *lv dismissed* 17 NY3d 787 [2011]). Although the complaint seeks a judgment declaring that the foreclosure is a nullity and does not expressly seek an order vacating the default judgment, it is apparent that the relief that plaintiff now seeks is analogous to that which is demanded in an application to reopen a judgment entered on default and it is, therefore, subject to the timing requirements of RPTL 1131. As the action was commenced more than one month after the default judgment of foreclosure was entered and plaintiff has not demonstrated "either a reasonable excuse for his default or a meritorious defense," dismissal of the complaint was warranted (*Matter of County of Sullivan [Yong Tuk Yun]*, 82 AD3d 1560, 1561 [2011]; *see Matter of County of Sullivan [Dunne—Town of Bethel]*, 111 AD3d 1232, 1234 [2013]; *Matter of County of Sullivan [Matejkowski]*, 105 AD3d 1170, 1171 [2013], *appeal dismissed* 21 NY3d 1062 [2013]). In light of this disposition, we need not consider plaintiff's challenges to the manner in which in rem foreclosure proceedings are conducted by the County and the Village (*see Matter of County of Schuyler [Solomon Fin. Ctr., Inc.]*, 83 AD3d 1243, 1247 [2011], *lv dismissed* 17 NY3d 850 [2011]; *Matter of County of Sullivan [Fay]*, 79 AD3d at 1412).

Peters, P.J., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.