**W. James MACNAUGHTON, Plaintiff–Appellant,**

v.

**WARREN COUNTY, NEW YORK, Defendant–Appellee.**

No. 04–3014–CV.

United States Court of Appeals, Second Circuit.

Jan. 27, 2005.

426

W. James MacNaughton, Woodbridge, NJ, for Plaintiff–Appellant, pro se.

David T. Luntz, Ryan & Smallacombe, PLLC, Albany, NY, for Defendant–Appellee.

Present: STRAUB, KATZMANN, Circuit Judges, and EATON, Judge.[1]

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Plaintiff-appellant W. James MacNaughton appeals from the judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*), which granted defendant-appellee's motion to dismiss his complaint, brought pursuant to 42 U.S.C. § 1983, for lack of jurisdiction and in the alternative because the statute of limitations has expired. We assume the parties' familiarity with the underlying facts and procedural history of the case. We affirm the judgment of the district court, but on somewhat different grounds than those relied on by the district court.

Plaintiff argues, *inter alia,* that his claim is not barred by the Tax Injunction Act and the principle of comity derived therefrom and, thus, federal jurisdiction was proper. We disagree.

"We review *de novo* the district court's decision to dismiss for lack of jurisdiction." *Sutton v. United States Dep't of Transp.,* 38 F.3d 621, 624 (2d Cir.1994).

The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Although the Tax Injunction Act only prohibits injunctions, the Supreme Court has explained that the principle of comity similarly bars a taxpayer from seeking damages pursuant to 42 U.S.C. § 1983 so long as an individual can seek a state remedy that is "plain, adequate and complete."[2] *See Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100, 116, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). Plaintiff nowhere argues that the Tax Injunction Act and the principle of

---

1. The Honorable Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

2. The Supreme Court has explained that there is "no significant difference ... between remedies which are 'plain, adequate, and complete,' as that phrase has been used in articulating the doctrine of equitable restraint, and

comity derived therefrom is not applicable because he is not seeking a federal-court ruling on a local tax matter. Plaintiff consequently concedes that if a plain, adequate, and complete state remedy exists, his suit would be barred by the principle of comity. Thus, the only issue with regard to the Tax Injunction Act that this Court must decide is whether the state of New York provides plaintiff with such a remedy.

New York law provides that a party who claims an interest in property may maintain an action, and such action must be commenced within two years. *See* N.Y. REAL PROP. ACTIONS AND PROCEEDINGS LAW § 1501; N.Y. REAL PROP. TAX LAW § 1137.[3] Plaintiff concedes that, had he been given constitutionally proper notice of the foreclosure sale, this remedy would have been adequate and the principle of comity would apply. Plaintiff argues, however, that the state failed to give him constitutionally adequate notice, and therefore, he was unaware that the statute of limitations had begun to run and subsequently expired. Thus, he contends, he was deprived of the state remedy and his action should consequently not be barred by the principle of comity. We disagree.

Even assuming, *arguendo*, as plaintiff has argued, that the state failed to give him constitutionally adequate notice, an adequate state remedy exists. It is clear under New York law that the statute of limitations is inapplicable in a case where the plaintiff fails to receive notice, as here. In a case very similar to the present case, the New York Court of Appeals held that plaintiffs' suit was not barred by the statute of limitations. In *ISCA Enter. v. City of New York*, 77 N.Y.2d 688, 569 N.Y.S.2d 927, 572 N.E.2d 610 (1991), plaintiffs' property had been transferred to the City of New York pursuant to tax foreclosure deeds because of unpaid property taxes on the real property at issue. *Id.* at 698, 569 N.Y.S.2d 927, 572 N.E.2d 610. Plaintiffs brought suit and sought to compel an article 15 determination of plaintiffs' claims to the foreclosed property. *Id.; see* N.Y. REAL PROP. ACTIONS AND PROCEEDINGS LAW art. 15 (allowing an individual who claims an interest in property to maintain an action). In holding that plaintiffs' suit challenging the constitutionality of the given notice was not barred, the New York Court of Appeals explained, "[T]here is no evidence in this case that plaintiffs had actual notice in time to bring their action. Contrary to the City's assertions, a challenge to the constitutionality of a notice provision, where the party had no timely notice, is not barred by the Statute of Limitations." *ISCA*, 77 N.Y.2d at 698, 569 N.Y.S.2d 927, 572 N.E.2d 610.

In the present case, plaintiff's property was similarly transferred to the county because of unpaid property taxes, and plaintiff similarly claims that he did not receive constitutionally adequate notice. Consequently, like the plaintiffs in *ISCA*,

those which are 'plain, speedy and efficient,' within the meaning of § 1341." *McNary*, 454 U.S. at 116 n. 8.

**3.** Section 1137 of New York's Real Property Tax Law provides:

Every deed given pursuant to the provisions of this article shall be presumptive evidence that the proceeding and all proceedings therein and all proceedings prior thereto from and including the assessment of the real property affected and all notices required by law were regular and in accordance with all provisions of law relating thereto. After two years from the date of the recording of such deed, the presumption shall be conclusive. No proceeding to set aside such deed may be maintained unless the proceeding is commenced and a notice of pendency of the proceeding is filed in the office of the proper county clerk prior to the time that the presumption becomes conclusive.

N.Y. REAL PROP. TAX LAW § 1137.

plaintiff could bring suit seeking to compel an article 15 determination and his claim would not be time barred. Such a suit would provide plaintiff with an adequate state remedy. Thus, because an adequate state remedy exists, the principle of comity precludes this Court from maintaining jurisdiction, and the district court's decision should be upheld, but for the reasons provided herein. *See United States v. Glover*, 957 F.2d 1004, 1013 (2d Cir.1992) ("[I]t is well-settled that a reviewing court may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." (Internal quotation marks omitted.)).

We hereby accordingly AFFIRM the judgment of the district court.