■ In the Matter of the Foreclosure of Tax Liens by COUNTY OF BROOME. COUNTY OF BROOME, Respondent; CASTLE HEIGHTS, LLC, Appellant. [855 NYS2d 723]—

Lahtinen, J. Appeals (1) from an order of the County Court of Broome County (Mathews, J.), entered January 16, 2007, which, in a proceeding pursuant to RPTL article 11, denied respondent's motion to vacate a default judgment entered against it, and (2) from an order of said court, entered April 9, 2007, which denied respondent's motion for reconsideration.

In the 1970s, John O'Brien purchased two undeveloped parcels with a combined size exceeding 150 acres in the Town of Chenango, Broome County and, in 1998, he transferred this

---

property to respondent, a limited liability company of which he was the sole owner. The address for respondent's tax bill was changed in 2000 from O'Brien's business address at One Academic Drive in the City of Binghamton, Broome County, to his home address at 3228 Dogwood Drive, Binghamton. O'Brien died in May 2002 and his estate received and paid respondent's 2003 tax bill. O'Brien's home was sold in 2003 and no new tax billing address for respondent was supplied. When the 2004 taxes were not paid, petitioner conducted a title search, which revealed the deed from O'Brien to respondent but no other pertinent information.

In November 2005, petitioner sent a notice of foreclosure (and opportunity to redeem) by certified mail to the 3228 Dogwood Drive address. The mailing was returned to petitioner stamped, "attempted—not known." Petitioner searched the Secretary of State's Web site, finding an additional address for respondent of One Academic Drive, P.O. Box 915, Binghamton, and a notice sent by regular mail to that address was returned with the notation, "attempted—not known, unable to forward." Notices of the foreclosure were also published in two local newspapers.

No payment was made to redeem the property and, in September 2006, a judgment of foreclosure granted petitioner title. O'Brien's executors ostensibly learned of the foreclosure in October 2006 but their offer at that time to pay the past taxes was rejected, resulting in a motion by respondent to vacate the foreclosure judgment. Supreme Court denied the motion and also a motion to renew. Respondent appeals.

Respondent argues that petitioner's efforts at providing notice of the foreclosure were inadequate to meet the requirements of due process. "[D]ue process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections' " (*Jones v Flowers*, 547 US 220, 226 [2006], quoting *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]; *see Matter of Harner v County of Tioga*, 5 NY3d 136, 140 [2005]; *Kennedy v Mossafa*, 100 NY2d 1, 9 [2003]). "A balance must be struck between the State's interest in collecting delinquent property taxes and those of the property owner in receiving notice" (*Matter of Harner v County of Tioga*, 5 NY3d at 140 [citations omitted]). In balancing these interests of the municipality and the owner, "consideration is given to the conduct of the owner in evaluating the reasonableness of the notice efforts" (*Matter of County of Clinton [Bouchard]*, 29 AD3d

79, 84 [2006] [internal quotations marks and citations omitted]). Whether there has been compliance with the flexible concept of due process turns on a "case-by-case analysis that measures the reasonableness of a municipality's actions in seeking to provide adequate notice" (*Matter of Harner v County of Tioga*, 5 NY3d at 140; *see Matter of Zaccaro v Cahill*, 100 NY2d 884, 890 [2003]; *Kennedy v Mossafa*, 100 NY2d at 9-11).

Here, petitioner mailed the notice by certified mail to the address that respondent had provided. This was the address used in prior years to mail tax bills, which had been paid, and such mailings and payments occurred both before and after O'Brien's death. Since respondent is a corporation, petitioner further sought information about it from the Secretary of State's Web site. While that resulted in another mailing address, the notice sent to the additional address was also returned. The information available from the Secretary of State did not list a registered agent for respondent and made no mention of O'Brien as an owner or having any other role with respondent. Although petitioner asserts that more detailed information was available for a fee from the Secretary of State and would have revealed that O'Brien had an interest in respondent, due process does not require the municipality to go to such lengths to find information that the taxpayer is obligated to keep updated with the taxing authorities (*see Jones v Flowers*, 547 US at 235-236; *Matter of County of Clinton [Bouchard]*, 29 AD3d at 84). Petitioner was not required to search the records of the Surrogate's Court under O'Brien's name since the owner of the property was a corporation and petitioner did not have notice of O'Brien's ownership of respondent (*cf.* RPTL 1125 [1] [a]). The fact that O'Brien had been the transferor on the deed to respondent in 1998 did not place petitioner on notice that O'Brien was also the owner of the transferee. Documents such as the TP-584 and EA 5217 executed at the time of that transfer—which might have directly or at least implicitly indicated O'Brien's interest in respondent—had been destroyed by the time petitioner conducted its search of the public records in 2005 because they were over six years old. While the result herein is regretable, we are constrained to conclude that the procedures employed by petitioner were not violative of due process.

The motion to renew was properly denied since it failed to meet the criteria for such a motion (*see Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1302 [2007]) and, in any event, the additional evidence submitted in that motion would not change the result in this case.

Mercure, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the orders are affirmed, without costs.