■ In the Matter of the Foreclosure of Tax Liens by COUNTY OF SULLIVAN. COUNTY OF SULLIVAN, Respondent; JUDITH ANN FAY et al., Appellants. [912 NYS2d 786]—

Spain, J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered August 11, 2009, which, in a proceeding pursuant to RPTL article 11, denied respondents' motion to vacate a default judgment entered against them.

The subject of this dispute is a large improved tract of land in the Town of Delaware, Sullivan County. The property was acquired by respondent Judith Ann Fay—a resident of Las Vegas, Nevada—in 2005. Pursuant to a 2006 settlement agreement with respondent Phillip DeAngelo designed to resolve certain disputes and terminate several business relationships between them,[1] Fay agreed to transfer the property to DeAngelo. Although the transfer was never actually executed, DeAngelo began maintaining and renovating the property and holds himself out as the beneficial owner. In May 2008, DeAngelo submitted a check to petitioner marked "for 2007 taxes" with the property's tax identification number, but petitioner returned it to him as it did not cover the total amount of taxes due on the property for 2007. DeAngelo re-sent this check the next month, along with another check marked as payment for the 2008 taxes on the property. Together, the checks totaled the

---

1. Respondents were involved in a long-term romantic relationship and also shared a variety of business and property interests.

amount necessary for payment of the 2008 taxes in full and were so applied. The 2007 taxes on the property remained unpaid, prompting petitioner to commence this proceeding to foreclose tax liens in October 2008. Despite efforts to notify Fay of the pending foreclosure, respondents never answered the petition or otherwise sought to rectify the tax delinquency. Thus, petitioner sought, and was awarded, a default judgment of foreclosure that was entered in February 2009.

Respondents assert that they did not learn of the delinquency and foreclosure until April 2009, after someone DeAngelo had sent to routinely check on the property discovered a notice posted by petitioner indicating that the property had been seized. Respondents thereafter moved by order to show cause to, among other things, vacate the default judgment and allow respondents to reacquire the lot. County Court denied respondents' motion and respondents now appeal.[2]

We affirm, as respondents' motion to vacate the default judgment of foreclosure was untimely. According to RPTL 1131, "[a] motion to reopen [a default judgment of foreclosure] may not be brought later than one month after entry of the judgment" (see Matter of County of Sullivan [Spring Lake Retreat Ctr., Inc.], 39 AD3d 1095, 1095-1096 [2007]; Matter of County of Clinton [Bouchard], 29 AD3d 79, 81 [2006]; Matter of Foreclosure of Tax Liens by County of Clinton [Tupaz], 17 AD3d 914, 915 [2005]). Here, the judgment was entered in February 2009, yet respondents did not move to vacate until July 2009. Thus, respondents' motion was untimely and should have been denied on that basis.

Respondents' assertions that the limitations period to move to vacate never commenced running because respondents were not given adequate notice under RPTL 1125 and, in accordance with due process, are unavailing. By statute, petitioner was required to direct notice by mail only to Fay, inasmuch as neither DeAngelo's equitable interest in the property nor his name and address was ascertainable from the public record (see RPTL

---

2. As an initial matter, we reject petitioner's argument that dismissal is necessary because respondents failed to include in the appellate record either a transcript of the oral argument on respondents' motion to vacate the default judgment or a statement in lieu of the transcript pursuant to CPLR 5525 (d) (see CPLR 5526; Matter of Conklin v Rogers, 98 AD2d 918 [1983], lv granted 61 NY2d 608 [1984]). As no material factual issues are in dispute and it appears that no evidence was presented at the hearing, the record before the Court is sufficient to review the parties' legal arguments (see Personnel Sys. Intl. v Clifford R. Gray, Inc., 146 AD2d 831, 832 [1989]).

1125 [1] [a]).[3] Petitioner mailed notices by first class and certified mail to both the property's address and to Fay at "567 *Radwich* Drive" in Las Vegas. That address was obtained from a real property transfer form which, as it appears in the record, is barely legible; unfortunately, Fay's correct Las Vegas address is "567 *Radwick* Drive." After the notice was returned marked "attempted-not known" and "not deliverable as addressed unable to forward," petitioner sent an inquiry to the relevant Las Vegas post office seeking an alternative address for Fay, but the inquiry went unanswered (*see* RPTL 1125 [1] [b] [i]). A similar inquiry to the local post office covering the address of the property produced no new information. Because no alternative mailing address could be found, petitioner posted the notice at the property itself (*see* RPTL 1125 [1] [b] [iii]; [1] [c]). In addition, petitioner posted notices in a variety of government offices and post offices and complied with the statutory publication requirement by publishing notices in two local newspapers (*see* RPTL 1124). Accordingly, petitioner's efforts were in accordance with RTPL article 11 (*see Matter of Harner v County of Tioga*, 5 NY3d 136, 140 [2005]).

Petitioner's efforts also complied with the requirements of due process, which are "satisfied where 'notice [is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections' " (*id.* at 140, quoting *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]). Due process does not require actual notice by the property owner, only reasonable efforts to provide notice under the circumstances (*see Matter of County of Clinton [Bouchard]*, 29 AD3d at 83). Where, as here, petitioner fully complied with the notice requirements of RPTL article 11 and there is no evidence that a search of the public record would have yielded any further information, due process does not require petitioner to go to lengths beyond the inquiry, publication and posting measures taken here (*see Kennedy v Mossafa*, 100 NY2d 1, 10 [2003]; *Matter of County of Broome*, 50 AD3d 1300, 1301-1302 [2008]; *Matter of County of Clinton [Bouchard]*, 29 AD3d at 83; *see also Jones v Flowers*, 547 US 220, 235-236 [2006]).

Respondents assert that the notice posted on the property was defective because the date specified in the petition for redemption of the property (January 31, 2009) was not at least 30 days later than the date on which the notice was posted (allegedly between January 5 and January 12). This argument,

---

**3.** The settlement agreement that purportedly granted DeAngelo equitable title to the property was not recorded.

however, was not preserved. In any event, the argument lacks merit inasmuch as RPTL 1125 does not require the posting to be at least 30 days before the specified final date for redemption. Instead, the statute provides that the relevant person may either redeem the property or serve an answer "until either the thirtieth day after such posting or delivery, *or* the date specified by the notice of foreclosure as the last day for redemption, *whichever is later*" (RPTL 1125 [1] [b] [iii] [emphases added]). Even if the posting was not accomplished until January 12, respondents admittedly did not act within 30 days.

Given that respondents' motion was untimely, consideration of respondents' remaining contentions is not necessary, including allegations that petitioner did not comply with petitioner's repurchase program notification requirements (*see* Code of the County of Sullivan § 164-8 [B] [6]) and that the amount of the lien was erroneously omitted from petitioner's list of 2007 tax liens.

Cardona, P.J., Peters, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.