■ W. JAMES MACNAUGHTON et al., Appellants, v WARREN COUNTY et al., Respondents. [932 NYS2d 268]—

Kavanagh, J.

Plaintiffs, in 1988, purchased real property in the Town of Chester, Warren County. On the deed for this property, plaintiffs listed as their mailing address their home address in South Orange, New Jersey. As a result, the tax bills for the Town of Chester property were sent to the South Orange address and, until 1994, were promptly paid. In 1994, the tax bill was again sent to the South Orange address and then forwarded by the postal service to plaintiffs' new address in Millburn, New Jersey. Plaintiffs paid those taxes and claim that the Town of Chester was notified orally and in writing of their new address in Millburn, New Jersey. Defendant Warren County (hereinafter the County) denies having any record of being notified of this new address and continued to send the tax bills for the property to plaintiffs' former address in South Orange, New Jersey. Plaintiffs deny receiving those bills and, after 1994, taxes on the property were not paid.

In January 1998, the County sent a letter by first class mail to plaintiffs' South Orange address, which stated that the property had been taken to pay back taxes and that, unless the taxes were paid, an action would be commenced to foreclose on plaintiffs' right to redeem the property. After this letter was returned by the postal service as undeliverable, the County commenced an in rem foreclosure proceeding in Supreme Court, sent a copy of the petition by certified mail, return receipt requested, to the South Orange address and published notice of the proceeding in a local newspaper. After the copy of the petition was returned as undeliverable and plaintiffs failed to appear in the proceeding, judgment was entered in favor of the County and, in December 1999, the property was sold at auction.

Four years later, in 2003, plaintiffs learned that their property had been sold to pay taxes and commenced an action against the County in federal court. After that action was dismissed (*MacNaughton v Warren County, New York*, 123 Fed Appx 425, 426-428 [2d Cir 2005]), plaintiffs commenced this action seeking a declaration that they are owners of the property (*see* RPAPL art 15). Plaintiffs moved for summary judgment and the County cross-moved for summary judgment dismissing the complaint.[1] Supreme Court, among other things, granted the County's cross motion for summary judgment and dismissed the complaint in its entirety. Plaintiffs now appeal.

---

1. Plaintiffs also filed a cross motion to strike certain evidence submitted by defendants.

We affirm. Plaintiffs argue that they were denied due process because the County did not make a reasonable effort to notify them that a foreclosure proceeding had been initiated against their New York property after the documents sent to their South Orange, New Jersey address had been returned by the postal service as undeliverable. In tax lien foreclosure proceedings, notice must be provided to the property owner that is " 'reasonably calculated under all the circumstances, to apprise' [the owner] of the foreclosure action, so that the party may have an opportunity to appear and be heard" (*Kennedy v Mossafa*, 100 NY2d 1, 9 [2003], quoting *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]; *see Jones v Flowers*, 547 US 220, 226 [2006]; *Matter of Harner v County of Tioga*, 5 NY3d 136, 140 [2005]). Here, the County complied with RPTL requirements in effect when this tax foreclosure proceeding was commenced (*see Kennedy v Mossafa*, 100 NY2d at 7-9; *Matter of County of Schuyler [Solomon Fin. Ctr., Inc.]*, 83 AD3d 1243, 1245 [2011], *lv dismissed*, 17 NY3d 850 [2011]).[2] It published notice of the foreclosure proceeding and sent a copy of the petition to the property owner on the address listed on the deed by first class mail. Moreover, since "there is no evidence that a [further] search of the public record would have yielded any further information," due process was provided by the County in the efforts it took to notify plaintiffs of this proceeding (*Matter of County of Sullivan [Fay]*, 79 AD3d 1409, 1411 [2010], *lv dismissed*, 17 NY3d 787 [2011]; *see Matter of County of Schuyler [Solomon Fin. Ctr., Inc.]*, 83 AD3d at 1246).

We also note that, in these proceedings, "[a] balance must be struck between the [s]tate's interest in collecting delinquent property taxes and those of the property owner in receiving notice. In balancing these interests of the municipality and the owner, consideration is given to the conduct of the owner in evaluating the reasonableness of the notice efforts" (*Matter of County of Broome*, 50 AD3d 1300, 1301-1302 [2008] [internal quotation marks and citations omitted]). In that regard, plaintiffs, one of whom is an attorney, have not provided any documentation verifying their claim that they notified the Town Clerk in writing of their change of address, or that officials at the Town or County level had notice of their new address. Also, Supreme Court, in dismissing this complaint, found that when the foreclosure proceeding was commenced, the County followed

---

**2.** RPTL 1125 (b) now requires that notice be mailed by certified and first class mail. If these documents are returned, additional steps must be taken by municipal authorities to locate the property owner, including contacting the postal service to determine if other mailing addresses are available and on file.

a procedure it had in place that required that if mail sent to a property owner was returned as undeliverable and taxes had not been paid on a subject property, other public records, including those on file with the Board of Elections, the Town Assessor's office and Surrogate's Court, be examined to determine if another address for the property owner existed. Given these findings made by Supreme Court, we agree that the County satisfied its obligation to provide plaintiffs with due process prior to moving against this property (see *Jones v Flowers*, 547 US at 226; *Kennedy v Mossafa*, 100 NY2d at 7-9; *Matter of County of Schuyler [Solomon Fin. Ctr., Inc.]*, 83 AD3d at 1245-1246; *Matter of County of Sullivan [Fay]*, 79 AD3d at 1411), and the County's cross motion for summary judgment dismissing the complaint was properly granted.

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.