[982 NE2d 1237, 959 NYS2d 104]

W. JAMES MAC NAUGHTON et al., Appellants, v WARREN COUNTY et al., Respondents.

Argued November 14, 2012; decided December 11, 2012

## POINTS OF COUNSEL

*W. James Mac Naughton*, Newton, New Jersey, and another, appellants pro se. I. Appellants were denied equal protection of the law when Warren County failed to personally serve them in the same manner as residents. (*Zobel v Williams*, 457 US 55; *Attorney General of N. Y. v Soto-Lopez*, 476 US 898; *Quill v Vacco*, 80 F3d 716; *King v New Rochelle Mun. Hous. Auth.*, 442 F2d 646; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62; *Alkaifi v Celestial Church of Christ Calvary Parish*, 24 AD3d 476.) II. Appellants were denied due process when the only "notice" Warren County provided was a search of Warren County records. (*Schroeder v City of New York*, 371 US 208; *Jones v Flowers*, 547 US 220; *Mennonite Bd. of Missions v Adams*, 462 US 791; *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306; *Greene v Lindsey*, 456 US 444; *Kennedy v Mossafa*, 100 NY2d 1; *Matter of Harner v County of Tioga*, 5 NY3d 136; *Matter of County of Schuyler [Solomon Fin. Ctr., Inc.]*, 83 AD3d 1243, 17 NY3d 850; *Harper v Virginia Dept. of Taxation*, 509 US 86; *Robinson v Hanrahan*, 409 US 38.) III. The courts below erred by making findings of fact adverse to appellants based on guesses, speculation and the affidavit of an attorney with no personal knowledge. (*Bernstein v City of New York*, 69 NY2d 1020; *Zuckerman v City of New York*, 49 NY2d 557; *Farina v Pan Am.*

*World Airlines*, 116 AD2d 618.) IV. Summary judgment in favor of defendants should be vacated and summary judgment in favor of appellants should be entered. (*Jones v Flowers*, 547 US 220.)

*Towne, Ryan & Partners*, Albany (*Elena DeFio Kean* of counsel), for Warren County, respondent. I. Appellants were afforded due process in this tax foreclosure matter. (*Matter of Harner v County of Tioga*, 5 NY3d 136; *Kennedy v Mossafa*, 100 NY2d 1; *Matter of Zaccaro v Cahill*, 100 NY2d 884; *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306; *Mennonite Bd. of Missions v Adams*, 462 US 791; *Jones v Flowers*, 547 US 220; *Dusenbery v United States*, 534 US 161; *Akey v Clinton County, N.Y.*, 375 F3d 231; *Covey v Town of Somers*, 351 US 141; *Schroeder v City of New York*, 371 US 208.) II. Appellants' equal protection argument must fail as a matter of law. (*Matter of Mingo v Pirnie*, 55 NY2d 1019; *Matter of Anonymous v Codd*, 40 NY2d 860; *Matter of Shurgin v Ambach*, 56 NY2d 700; *Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801; *Bernstein v Bodean*, 53 NY2d 520; *Comiskey v Arlen*, 43 NY2d 696; *Schiavone v City of New York*, 92 NY2d 308; *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128; *Boyd v Boyd*, 252 NY 422; *Levine v City of New York*, 2 NY2d 246.)

*John M. Silvestri*, Chestertown, for Charles Asendorf and others, respondents. I. The conduct of appellants alone was responsible for their loss of title to their property. (*Kennedy v Mossafa*, 100 NY2d 1; *Jones v Flowers*, 547 US 220; *Matter of County of Broome*, 50 AD3d 1300; *Matter of Harner v County of Tioga*, 5 NY3d 136.) II. The procedures followed by Warren County exceeded the due process standards set by *Kennedy v Mossafa* (100 NY2d 1 [2003]) and *Jones v Flowers* (547 US 220 [2006]). (*Mullane v Central Hanover Bank & Trust Co.*, 339 US 306; *Matter of Harner v County of Tioga*, 5 NY3d 136; *Matter of County of Schuyler [Solomon Fin. Ctr., Inc.]*, 83 AD3d 1243, 17 NY3d 850; *Matter of County of Sullivan [Fay]*, 79 AD3d 1409, 17 NY3d 787; *Schroeder v City of New York*, 371 US 208; *Greene v Lindsey*, 456 US 444; *Robinson v Hanrahan*, 409 US 38; *Covey v Town of Somers*, 351 US 141.) III. The courts below correctly determined that *Jones v Flowers* (547 US 220 [2006]) did not expand retroactively the notice obligation of Warren County. (*American Trucking Assns., Inc. v Smith*, 496 US 167; *People v Nunez*, 30 Misc 3d 55; *Kalman v Neuman*, 102 Misc 2d 662.) IV. Appellants cannot maintain a claim based on an alleged violation of equal protection. (*King v New Rochelle Mun. Hous. Auth.*, 442 F2d 646; *Kennedy v Mossafa*, 100 NY2d 1; *Jones v Flowers*,

547 US 220.) V. The courts below correctly made their findings of fact based upon admissible evidence. (*Zuckerman v City of New York*, 49 NY2d 557; *Urban v City of Albany*, 90 AD3d 1132.)

### OPINION OF THE COURT

SMITH, J.

When an owner of real property moves, and does not give a new address to the collector of real property taxes, he or she may fail to receive notices of overdue taxes and related legal proceedings, and the property may consequently be lost in fore-closure. The United States Supreme Court and our Court have held that, in such situations, due process requires taxing authorities to take reasonable steps to track down the missing taxpayer before seizing and selling his or her property (*Jones v Flowers*, 547 US 220 [2006]; *Kennedy v Mossafa*, 100 NY2d 1 [2003]).

This case raises the question of how much a taxing authority is required to do. Plaintiffs argue that, when notice mailed to them at their last known address, in New Jersey, proved undeliverable, the tax collector was required to find some means of making personal service on them, or to address a notice to "occupant" at the former address, or to search New Jersey public records for a new address. We hold that these steps were not constitutionally required, and that plaintiffs have not been deprived of their property without due process of law.

### I

In 1988, plaintiffs acquired a vacant lot in the Town of Chester, in Warren County, New York. Plaintiffs then lived in South Orange, New Jersey, and their South Orange address appeared on the deed. The Town sent them real property tax bills at that address, and plaintiffs paid them.

In 1993, plaintiffs moved from South Orange to Millburn, New Jersey. They arranged with the post office to forward their mail, but they did not then inform the Town of Chester taxing authorities of their new address. The 1994 tax bill was forwarded from South Orange to Millburn, and paid. Plaintiffs claim that, after receiving the forwarded bill, they gave their new address to the Town in a handwritten note and in a telephone call, but plaintiffs have no record of either communication, and neither is reflected in the Town's records. To accept undocumented claims of this kind would be to invite

abuse, and we therefore conclude that plaintiffs' "bare allegation" is insufficient to defeat summary judgment on the issue of whether they gave notice of their change of address to the Town (*see Kennedy*, 100 NY2d at 10); we take it as established that they gave no such notice.

A year after plaintiffs moved, their forwarding arrangement with the post office expired. Tax bills for the next three years, mailed to them at the South Orange address, were returned to the Town. In 1998, Warren County sent a warning letter to the South Orange address that was also returned, and then began a foreclosure proceeding. It served plaintiffs with the petition and notice of petition by certified mail addressed to the South Orange address. The mailing was returned with the notation: "Undeliverable as Addressed-Forwarding Order Expired." Plaintiffs defaulted in the foreclosure proceeding and title to the property passed to the County, which sold it at auction in 1999.

Plaintiffs did not learn of these events until 2003. After unsuccessful federal litigation, they began the present action in 2005, asserting that the attempts to give them notice of the foreclosure were constitutionally inadequate, and seeking a declaration that they still owned the property. Supreme Court granted the County's motion for summary judgment, and the Appellate Division affirmed (*MacNaughton v Warren County*, 89 AD3d 1269 [2011]). Plaintiffs appeal to this Court as of right, pursuant to CPLR 5601 (b) (1), and we now affirm.

## II

At the time the County began its foreclosure proceeding in 1998, the Real Property Tax Law required that notice of the proceeding be published in at least two newspapers (RPTL 1124 [1]) and that it be "mailed, by ordinary first class mail" to the owners of the property (former RPTL 1125 [1]). It is not disputed that the County complied with the statutes. The question is whether the State or Federal Constitution required it to do more.

It has been clear since our 2003 decision in *Kennedy* that more is sometimes required when a mailed notice is returned as undeliverable. In that case we rejected "the view that the enforcing officer's obligation is always satisfied by sending the notice to the address listed in the tax roll" and said: "Generally, when the notice is returned as undeliverable, the tax district should conduct a reasonable search of the public record" (100

NY2d at 9). We added, however, that "[a] reasonable search of the public record . . . does not necessarily require searching the Internet, voting records, motor vehicle records, the telephone book or other similar resource" (*id.* at 10).

In *Jones*, decided in 2006, the United States Supreme Court interpreted the Due Process Clause of the Federal Constitution in a case in which two notices sent by a taxing authority were returned "unclaimed." Applying the principle that the means used to give a constitutionally-required notice "must be such as one desirous of actually informing the absentee might reasonably adopt" (*Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 315 [1950], quoted in *Jones*, 547 US at 229), the Court held that "additional reasonable steps to provide notice" (*id.* at 223) were necessary, and specified several that could have been taken: "to resend the notice by regular mail" (*id.* at 234), "to post notice on the front door" of the taxed property (which in *Jones* was also the taxpayer's former home) or "to address otherwise undeliverable mail to 'occupant' " (*id.* at 235). But the Supreme Court in *Jones* declined, as we did in *Kennedy*, to impose more stringent requirements: It specifically rejected the taxpayer's argument that the tax commissioner "should have searched for his new address in the . . . phonebook and other government records such as income tax rolls" (*id.* at 235-236). The Court remarked: "An open-ended search for a new address . . . imposes burdens on the State significantly greater than the several relatively easy options outlined above" (*id.* at 236).

■ In this case it is not clear what, if any, steps the County took to locate plaintiffs after notice of the foreclosure proceeding was returned as undeliverable. Plaintiffs have not, however, shown that there were any steps required by the State or Federal Constitution, as interpreted in *Kennedy* and *Jones*, that would have yielded plaintiffs' new address.

Plaintiffs suggest that the County should have attempted "personal service," as it does for taxpayers who live within the County; they have not explained, however, how the County could have served them personally without knowing their new address. Plaintiffs also suggest that the County should have followed one of the courses mentioned in *Jones*: mailing notice to the taxpayer's last known address addressed to "occupant." But the suggestion ignores the difference between *Jones* and this case. In *Jones*, the taxpayer's last known address was the property the taxing authority was trying to tax; the taxpayer still owned it. In that situation, it was reasonable to believe that a

mailing from the taxing authorities addressed to the "occupant" of the property would be passed on by the occupant to the owner. But we see little point in requiring a taxing authority to mail a letter to "occupant" at an address that has no connection with the tax claim except that the taxpayer used to live there. There is no reason to think that the new occupant of plaintiffs' former home would be at all concerned with whether the taxes on a vacant parcel in Warren County, New York were paid or not.

Finally, plaintiffs suggest that the County should have searched the public records of the county of their last known address—Essex County, New Jersey. This requirement, we think, would put too great a burden on the taxing authority. It is one thing to require a search of records in the taxing authority's own county—the county where the property being taxed is located. It is something different to require taxing authorities to familiarize themselves with the procedures for searching records in any location where a taxpayer happens to have lived. *Kennedy* and *Jones* declined to require a search of such sources as the Internet and the telephone book (*Kennedy*, 100 NY2d at 10; *Jones*, 547 US at 235-236). The search plaintiffs say the County should have conducted seems to us to be in the same category.

We therefore hold that due process did not require the County to take the steps that plaintiffs say it should have taken. In so holding, we acknowledge that the County might reasonably have been expected to do more than it did. Indeed, if the same case were to arise today, the County would be required by statute to do more: RPTL 1125 (1), which in 1998 required only an ordinary mail notice, was amended shortly after the *Jones* decision to require mailing "both by certified mail and ordinary first class mail," and also, in the event both mailings are returned, an attempt by the taxing authority "to obtain an alternative mailing address from the United States postal service" (RPTL 1125 [1] [b] [i]; *see* L 2006, ch 415, § 1). This last step does not seem a burdensome one, and this case might be different if the County's failure to take that step had caused plaintiffs to lose their property. But plaintiffs do not claim that that is true; they have made no attempt to show that an inquiry to the post office—in 1998, five years after plaintiffs moved away from South Orange—would have resulted in the County's learning plaintiffs' Millburn, New Jersey address.

Plaintiffs' equal protection argument is without merit.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ and PIGOTT concur.

Order affirmed, with costs.