McCarthy, J.
Appeal from an order of the Supreme Court (Mc-Grath, J.), entered January 18, 2013 in Columbia County, which dismissed petitioner’s application, in a proceeding pursuant to RPTL article 11, to set aside a judgment of foreclosure and transfer of title concerning certain real property.
A 1985 deed purportedly conveyed a parcel of real property in the City of Hudson, Columbia County from petitioner, a religious corporation, to its then-minister, Godfrey Forbes. The next month, and again three months after that, Forbes and his wife obtained mortgages on the property.[1] Forbes apparently paid the real property taxes until 2008. After the taxes were not paid for several years, respondent commenced a tax foreclosure proceeding listing Forbes as the owner. Upon Forbes’ default, County Court (Koweek, J.) issued a judgment of foreclosure against the property and transferred title to respondent (see RPTL 1136).
More than a month after County Court’s judgment was entered, petitioner commenced this proceeding to set aside the judgment of foreclosure and transfer title to the property to petitioner, on the grounds that the 1985 deed was invalid, petitioner remained the lawful owner and petitioner had not received proper notice of the foreclosure proceeding. Respondent moved to dismiss. Supreme Court (McGrath, J.) treated petitioner’s application as a motion to vacate a default judgment and denied the application as untimely, also noting that it would deny the application on the merits. Petitioner appeals.
Initially, Supreme Court erred in determining that petitioner’s application was untimely. Unlike a motion to vacate a default judgment in a tax foreclosure proceeding, which “may not be brought later than one month after entry of the judgment” (RPTL 1131; see Matter of County of Otsego [Opalecky], 103 AD3d 1020, 1021 [2013]), a person or entity challenging the validity of a deed transferred in connection with a tax foreclosure *1107 proceeding faces a two-year statute of limitations (see RPTL 1137; Panther Mtn. Water Park, Inc. v County of Essex, 40 AD3d 1336, 1338 [2007]). As petitioner was not a party to the foreclosure proceeding and now seeks to set aside the judgment on the basis that respondent failed to provide notice to the rightful owner, the application was timely (see RPTL 1137).
The 1985 deed to Forbes was invalid. A religious corporation shall not sell “any of its real property without applying for and obtaining leave of the court” pursuant to N-PCL 511 (Religious Corporations Law § 12 [1]; see Scher v Yeshivath Makowa Corp., 54 AD3d 839, 839 [2008]). Under N-PCL 511 (b), the Attorney General must be notified before any sale may be finalized. Petitioner did not seek court approval in 1985 or thereafter (see Religious Corporations Law § 12 [1], [9]), nor was the Attorney General notified of the transfer of the property. Where court approval is not obtained for the transfer of real property from a religious corporation, the conveyance is invalid (see Congregation Yetev Lev D’Satmar of Kiryas Joel, Inc. v Congregation Yetev Lev D’Satmar, Inc., 9 NY3d 297, 301 [2007]; Wiggs v Williams, 36 AD3d 570, 571 [2007]; see also Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn, 54 NY2d 742, 743-744 [1981]). Accordingly, the 1985 deed was invalid and Forbes should not have had any legal right to the property.
Nevertheless, respondent provided the notice required by law for the tax foreclosure proceeding (see RPTL 1125). Notice of a tax foreclosure proceeding must be sent by certified mail and ordinary first class mail to “each owner and any other person whose right, title, or interest was a matter of public record as of the date the list of delinquent taxes was filed, which right, title or interest will be affected by the termination of the redemption period, and whose name and address are reasonably ascertainable from the public record” (RPTL 1125 [1] [a], [b]). For purposes of that statute, the “public record” consists of the tax rolls, as well as books kept by that county’s Surrogate’s Court Clerk and real property recording officer (see RPTL 1125 [1] [e]). “Where the names and addresses of interested parties are known, due process requires ‘notice reasonably calculated, under all the circumstances, to apprise’ that party of the foreclosure action, so that party may have an opportunity to appear and be heard” (Kennedy v Mossafa, 100 NY2d 1, 9 [2003], quoting Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950]). There is no constitutional requirement that actual owners of the property receive personal notice of a foreclosure proceeding (see Congregation Yetev Lev D’Satmar v County of *1108 Sullivan, 59 NY2d 418, 422 [1983]). If the taxing authority gives “reasonable notice to ascertainable interested parties,” notice may be sufficient even though “the owners of record were not the true owners of the parcel and, as a result, said true owners did not receive personal notice of the proceedings” (Maple Tree Homes, Inc. v County of Sullivan, 17 AD3d 965, 966-967 [2005], appeal dismissed 5 NY3d 782 [2005]).
It is undisputed that Forbes was served with notice by ordinary and certified mail. Respondent’s treasurer, who is responsible for enforcing and collecting tax liens, averred that Forbes was listed on the tax rolls as the owner of the subject premises. The record does not indicate that any relevant information was available in the books of the Surrogate’s Court Clerk. A search of the County Clerk’s books would have revealed the 1985 deed from petitioner to Forbes, indicating that Forbes had been the owner of record for almost 27 years. Thus, as Forbes was the only owner pursuant to the public record, he was entitled to notice. Petitioner, which was not an owner according to the public record, was entitled to notice under the statute only if it had a “right, title, or interest [that] was a matter of public record” (RPTL 1125 [1] [a]).
Petitioner acknowledged in its petition that it attempted to convey the property to Forbes, and that the conveyance was invalid because the parties to that deed were unaware of the requirements under Religious Corporations Law § 12. Yet petitioner did not renounce its intent to transfer the property to Forbes, and did nothing to regain title during the ensuing 27 years, until it commenced this proceeding after Forbes was divested of title through the judgment of foreclosure. In 1985, Forbes and his wife obtained two mortgages on the property. Petitioner asserts that it was not until 2011, when Forbes attempted to secure another mortgage, that a title searcher discovered the problem with the 1985 deed. Petitioner’s counsel avers that, prior to commencement of the foreclosure proceeding, respondent was placed on notice that the conveyance to Forbes was invalid and petitioner was the true owner, but counsel’s assertion is insufficient because it is vague, devoid of facts — such as who provided the notice, to whom, and by what means — and unsupported by proof from anyone with first-hand knowledge (see Madison Mut. Ins. Co. v Expert Chimney Servs., Inc., 103 AD3d 995, 996 [2013]).[2]
While petitioner notes that no court order was filed with the *1109 1985 deed, the statute does not strictly require that the court order approving of the conveyance be filed where the deed is recorded (see Religious Corporations Law § 12; see also N-PCL 511). Even if such a filing requirement were statutorily mandated, it is unclear that someone untrained in the Religious Corporations Law or Not-For Profit Corporations Law would be aware, from a review of books of deeds, that a deed from a religious or not-for profit corporation was invalid without court approval. Indeed, while a title searcher noticed this problem with the 1985 deed in 2011, Forbes obtained two mortgages in 1985, apparently without anyone raising any concern regarding that same deed. A taxing authority’s enforcing officer is not required to be a lawyer, title searcher or have special expertise in ferreting out errors in recorded deeds, nor have courts imposed unreasonable obligations on taxing authorities to perform burdensome research to discover potential interested parties (see Mac Naughton v Warren County, 20 NY3d 252, 257-258 [2012]; Kennedy v Mossafa, 100 NY2d at 10; see also Jones v Flowers, 547 US 220, 235-236 [2006]). On its face, the public record here did not disclose that petitioner had any interest in the property (compare Matter of Barnes v McFadden, 25 AD3d 955, 957 [2006], appeal dismissed 6 NY3d 890 [2006]).
When determining the reasonableness of the taxing authority’s attempts to provide notice to interested parties, the court may take into account the conduct of such parties (see Matter of Hamer v County of Tioga, 5 NY3d 136, 140 [2005]). Here, petitioner indicated that it intended to convey the property to Forbes — its then-minister[3] —in 1985 and was only unsuccessful due to their lack of legal knowledge. Additionally, petitioner did not take any action against Forbes to regain title, despite the deed having been filed for nearly 27 years at the time the foreclosure proceeding was commenced. Under the circumstances, including respondent’s provision of proper statutory notice to the owner of record, respondent complied with due process and satisfied its obligation of searching for interested parties, and petitioner has not demonstrated that any additional steps or more exhaustive search was required here (see Mac Naughton v Warren County, 20 NY3d at 257-258; Kennedy v Mossafa, 100 NY2d at 10; Matter of County of Sullivan [Fay], 79 AD3d 1409, 1411 [2010], lv dismissed 17 NY3d 787 [2011]). Therefore, respondent was not required to provide notice to petitioner of the tax foreclosure proceeding.
*1110 Lahtinen, J.E, Garry and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

. The record does not disclose whether those mortgages have been paid or remain liens on the property.

. The petition alleges, upon information and belief, that respondent was aware that Forbes was not the rightful owner of the property, that title remained with petitioner and that respondent should have known that a *1109 conveyance from petitioner required court approval on notice to the Attorney General. The record does not contain any proof to support these allegations.

. It appears that Forbes is still petitioner’s minister.