*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                    521794
_____

LAKESIDE REALTY LLC,
                    Appellant,
         v                              MEMORANDUM AND ORDER

COUNTY OF SULLIVAN et al.,
                    Respondents.
_____

Calendar Date:  April 26, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Devine and Mulvey, JJ.

_____

        Stoloff & Silver LLP, Monticello (Gary D. Silver of
counsel), for appellant.

        Samuel S. Yagur, County Attorney, Monticello (Thomas J.
Cawley of counsel), for County of Sullivan and another,
respondents.

        Terence D. Watson, Fidelity National Law Group, New York
City, for Kuplen Properties, LLC, respondent.

_____

Mulvey, J.

        Appeal from an order of the Supreme Court (Schick, J.),
entered January 27, 2015 in Sullivan County, which granted a
motion by defendant County of Sullivan for summary judgment
dismissing the complaint.

        In 2001, plaintiff, a New York limited liability company,
purchased two parcels of vacant property identified as parcel
Nos. 8-1-10.2 and 8-1-21.2 in the Town of Liberty, Sullivan
County.  After plaintiff failed to pay its taxes on the parcels
for two years, defendant County of Sullivan commenced a tax

foreclosure proceeding pursuant to RPTL article 11.

The County mailed by certified and ordinary first class mail a copy of the petition and notice of foreclosure, the personal notice of foreclosure and list of properties to plaintiff at two addresses: "5 E 37th Street New York, NY 10016" and "21 E 40th St. Fl. 12 New York, NY 10016" – the first of which was obtained from plaintiff's deed and 2001 note and mortgage, and the second secured from a 2005 mortgage modification agreement, tax bills and tax roll. All the mailings were returned to the County as undeliverable; however, handwriting on the envelope for the certified mail to the 21 East 40th Street address read "FWD 286 Madison NYC 10017." The County then mailed the pleadings by ordinary first class mail and certified mail to plaintiff at "286 Madison New York, NY 10017" and also to "286 Madison New York, NY 10011."[1] The certified mailings to both 286 Madison zip code addresses were returned to the County with a United States Postal Service (hereinafter USPS) stamp: "Returned To Sender Moved, Left No Address NY, NY 10017-9998." Notably, the ordinary first class mailings to both 286 Madison zip code addresses were not returned.

Thereafter, the County posted a copy of the petition and notice of foreclosure at the County Treasurer's office, County Clerk's office and County government center lobby and published the same in two official newspapers for a total of six times. Although not required by statute, the County also posted a copy of personal notice of commencement of foreclosure proceedings and petition and notice of foreclosure at five post offices in the County.

When plaintiff failed to appear or contest the foreclosure proceeding, County Court (McGuire, J.) granted the County a default judgment, which was entered in April 2011, and, in furtherance thereof, the County recorded a deed in April 2011 transferring the subject parcels to it. In July 2011, the County

---

[1] There was some uncertainty about the zip code for the 286 Madison address, so mailings were sent to two different zip codes.

sold the parcels to defendant Kuplen Properties, LLC. In September 2012, plaintiff commenced this action against the County and Ira Cohen, the Sullivan County Treasurer (hereinafter collectively referred to as the County), as well as against Kuplen, seeking, among other things, vacatur of the default judgment and a declaration that the foreclosure proceeding and the deed from the County to Kuplen were null and void. Kuplen asserted a cross claim against the County for indemnification. After joinder of issue and discovery, the County and Kuplen each moved for summary judgment dismissing the complaint. Supreme Court (Schick, J.) granted the County's motion and dismissed the complaint as time-barred.[2] Plaintiff appeals.

Plaintiff argues that its action is not time-barred since the one-month limitations period set forth in RPTL 1131 was never triggered given the County's failure to comply with the notice requirements of RPTL 1125 thereby violating plaintiff's due process rights. We disagree. Initially, "[a] tax debtor's motion to reopen a default judgment of tax foreclosure 'may not be brought later than one month after entry of the judgment'" (Matter of County of Clinton [Bouchard], 29 AD3d 79, 81 [2006], quoting RPTL 1131; see Matter of County of Otsego [Force], 128 AD3d 1165, 1166 [2015]). Such time period is applicable "even where, as here, the property owner asserts that he or she was not [properly] notified of the foreclosure proceeding" (Matter of County of Clinton [Greenpoint Assets, Ltd.], 116 AD3d 1206, 1207 [2014] [internal quotation marks and citations omitted]; see Matter of County of Sullivan [Dunne—Town of Bethel], 111 AD3d 1232, 1234 [2013]). The debtor has "the burden of affirmatively establishing a jurisdictional defect or invalidity in . . . the foreclosure proceedings" because such proceedings are cloaked with a presumption of regularity (Kennedy v Mossafa, 100 NY2d 1,

_____

[2]  The order does not explicitly rule on Kuplen's motion but, after granting the County's motion, the court states that "[a]ll other claims and actions have been considered and found wanting," thus implicitly dismissing the complaint against Kuplen. In fact, Kuplen appeared as a respondent on this appeal and, in its brief, considers the complaint dismissed as against it.

8 [2003]; see RPTL 1134; Matter of County of Sullivan [Matejkowski], 105 AD3d 1170, 1171 [2013], appeal dismissed 21 NY3d 1062 [2013]).

In a tax foreclosure proceeding, "[d]ue process does not require actual notice by the property owner, only reasonable efforts to provide notice under the circumstances" (Matter of County of Sullivan [Fay], 79 AD3d 1409, 1411 [2010], lv dismissed 17 NY3d 787 [2011] [citation omitted]; see MacNaughton v Warren County, 20 NY3d 252, 255 [2012]; Matter of County of Sullivan [Dunne—Town of Bethel], 111 AD3d at 1235). "Whether there has been compliance with the flexible concept of due process turns on a 'case-by-case analysis that measures the reasonableness of a municipality's actions in seeking to provide adequate notice'" (Matter of County of Broome, 50 AD3d 1300, 1302 [2008], quoting Matter of Harner v County of Tioga, 5 NY3d 136, 140 [2005]). Due process is satisfied where "notice is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [foreclosure] proceeding and afford them an opportunity to present their objections" (Matter of County of Clinton [Greenpoint Assets, Ltd.], 116 AD3d at 1208 [internal quotation marks, brackets and citations omitted]; see Jones v Flowers, 547 US 220, 235-236 [2006]).

To that end, each property owner is entitled to personal notice of the tax foreclosure proceeding, which is to be sent by both ordinary first class mail and by certified mail to the address contained in the public record (see RPTL 1125 [1] [a], [b] [i]). The notice sent by mail "shall be deemed received unless both the certified mailing and the ordinary first class mailing are returned by the [USPS] within [45] days after being mailed" (Matter of County of Sullivan [Matejkowski], 105 AD3d at 1171 [internal quotation marks and citation omitted; emphasis added]). "[W]here one of the notices is not returned within the requisite period, [the County] is not obligated to take additional steps to notify [the tax debtor] of the foreclosure proceeding" (Matter of County of Clinton [Greenpoint Assets, Ltd.], 116 AD3d at 1207 [internal quotation marks and citations omitted]; see Matter of County of Sullivan [Dunne—Town of Bethel], 111 AD3d at 1234-1235). Only where both the regular and certified mailings are returned by the USPS is a county required

to "<u>attempt</u> to obtain an alternative mailing address from the . . . [USPS]" and, if such address is found, the notice must be mailed to that address "<u>both</u> by certified mail and by ordinary first class mail" (RPTL 1125 [1] [b] [i], [ii] [emphasis added]).

Here, the County mailed the pleadings by ordinary first class mail and certified mail to the addresses that it found in the public record (<u>see</u> RPTL 1125 [1] [a], [e]) and, when one of the mailings was returned by the USPS with a forwarding notation, the County remailed the pleadings by ordinary first class mail and certified mail to the noted address: "286 Madison." The certified mailings were returned but the ordinary first class mailings were not returned. Plaintiff admits that "286 Madison Avenue, 12th Floor, New York, New York 10017" is its "correct" mailing address. Furthermore, the County had contacted the USPS and received a response that there was no change of address on file for the "5 E. 37th Street" address. Plaintiff complains that the County did not contact the USPS with respect to the "21 E. 40th St." address as it had done for the "5 E. 37th Street" address. However, the County had already obtained an alternative address of 286 Madison via the handwritten notation on the returned certified mail to the "21 E. 40th St." address.

Plaintiff further complains that the posting was insufficient since the notices were only posted on the parcel with road frontage.[3] We find this argument unpersuasive (<u>see</u> <u>Matter of County of Clinton [Greenpoint Assets, Ltd.]</u>, 116 AD3d at 1206). Only if no alternative address can be found is a county required to post the notice at the property itself, which may be accomplished by attaching the notice "to a vertical object, such as a tree, post or stake, and plainly visible from the road" (RPTL 1125 [1] [b] [iii]; [c]; <u>see</u> <u>Matter of County of Clinton [Greenpoint Assets, Ltd.]</u>, 116 AD3d at 1206, 1208; <u>Matter</u>

---

[3] Parcel No. 8-1-10.2 is bisected by the public highway and parcel No. 8-1-21.2 is adjacent to parcel No. 8-1-10.2, but parcel No. 8-1-21.2 does not front on the public highway. The utility pole is on parcel No. 8-1-10.2. It is unclear from the record whether the pole is on the same side of the highway as parcel No. 8-1-21.2.

of County of Sullivan [Fay], 79 AD3d at 1411). Even though not required by the statute, since the ordinary first class mail to the 286 Madison address was not returned, the County posted two copies of the petition and notice of foreclosure on a utility pole adjacent to the public highway on one of the parcels (see RPTL 1125 [1] [b] [iii]). The record shows that the County undertook a concerted effort to comply with statutory and due process requirements, including posting two notices (one for each parcel) on a utility pole on the parcel with road frontage.

Plaintiff also argues that, because it is a domestic business entity, due process principles required the County to also search the Department of State's website, which would have revealed the valid and active address of plaintiff's agent to whom the County should have mailed the notices (see Limited Liability Company Law § 203 [e] [4]). There appears to be no binding authority for this proposition. To the contrary, it has been held and reaffirmed that "[a] reasonable search of the public record" for due process purposes "does not necessarily require searching the Internet" (Kennedy v Mossafa, 100 NY2d at 10; see MacNaughton v Warren County, 20 NY3d at 257; Matter of County of Schuyler [Solomon Fin. Ctr., Inc.], 83 AD3d 1243, 1245 [2011], lv dismissed 17 NY3d 850 [2011]). We hold that the County fulfilled its responsibility to provide adequate notice to plaintiff.

As relevant to both the statutory and due process inquiries, ownership carries responsibilities, which include an obligation to inform the tax enforcer of a change in address, and a failure to do so may be taken into account by courts when evaluating the adequacy of notice (see RPTL 1125 [1] [d]; Matter of Harner v County of Tioga, 5 NY3d at 141; Matter of County of Sullivan [Dunne–Town of Bethel], 111 AD3d at 1235; MacNaughton v Warren County, 89 AD3d 1269, 1271 [2011], affd 20 NY3d 252 [2012]). Here, plaintiff allowed several years to pass without paying property taxes or having any contact with the County and, in light of its admitted tax delinquency, plaintiff should have known that the County would attempt to collect the taxes owed to it.

The County fully complied with the notice requirements of RPTL article 11, and due process does not require the County to go to lengths beyond its inquiry into the public record, mailing by both ordinary first class mail and certified mail, inquiry and appropriate response to information received from the USPS, remailing the pleadings as indicated, and the publication and posting measures taken here (see Matter of County of Schuyler [Solomon Fin. Ctr., Inc.], 83 AD3d at 1246; Matter of County of Sullivan [Fay], 79 AD3d at 1411).  In summary, we find that the County adequately complied with the statutory notice requirements of RPTL article 11 and it satisfied due process requirements. Accordingly, as plaintiff failed to comply with the one-month statute of limitations period, Supreme Court properly dismissed the complaint as untimely.  We have examined plaintiff's other contentions and find them to be without merit.

Peters, P.J., Lahtinen, Egan Jr. and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court