Egan Jr., J.R
 

 Appeal from an order of the Supreme Court (Cahill, J.), entered January 27, 2017 in Ulster County, which, among other things, granted a cross motion by defendant County of Ulster for summary judgment dismissing the complaint against it.
 

 Plaintiff is a foreign limited liability company that is authorized to do business in New York, with its principal office located in Englewood, New Jersey. In January 2011, plaintiff purchased a 34-acre parcel of real property located adjacent to State Route 32 in the Town of Ulster, Ulster County. One year later, plaintiff relocated its principal office, but failed to notify the Town of Ulster Assessor of the address change. As a result, plaintiff stopped receiving its property tax bills for the subject property and, thereafter, the taxes went unpaid. Subsequently, defendant County of Ulster commenced a tax foreclosure proceeding with respect to plaintiff’s property and, in March 2016, obtained a judgment of foreclosure awarding it title to the property. Thereafter, the County conveyed the property to defendants Mark Delacorte, Andrew Peck and Jonah Brill (hereinafter referred to as the individual defendants) at a tax sale auction.
 

 In July 2016, plaintiff commenced this action against defendants seeking a judgment invalidating the two deeds conveying title to the County and, thereafter, the individual defendants, alleging that the County failed to provide it with adequate notification of its tax delinquency and the subsequent tax foreclosure proceeding in violation of both RPTL 1125 and its constitutional due process rights. Upon joinder of issue, plaintiff moved for summary judgment seeking to invalidate the two deeds. The County thereafter cross-moved for summary judgment dismissing the complaint against it on the ground that it fully complied with the requisite statutory notification provisions set forth in RPTL 1125.
 
 [1]
 
 Supreme Court denied plaintiff’s motion and granted the County’s cross motion for summary judgment dismissing the complaint. Plaintiff now appeals.
 

 Plaintiff contends that Supreme Court erred in granting the County’s cross motion because the County failed to demonstrate that it complied with the statutory notice requirements for tax foreclosure proceedings (see RPTL 1125). We disagree. Pursuant to RPTL 1125, a “property owner is entitled to personal notice of the tax foreclosure proceeding, which is to be sent by both ordinary first class mail and by certified mail to the address contained in the public record” (Lakeside Realty LLC v County of Sullivan, 140 AD3d 1450, 1453 [2016], lv denied 28 NY3d 905 [2016]; see RPTL 1125 [1] [a], [b] [i]; Matter of County of Clinton [Greenpoint Assets, Ltd.], 116 AD3d 1206, 1207 [2014]). If the certified and first class mailings are subsequently returned by the United States Postal Service (hereinafter USPS), the municipality’s enforcing officer must thereafter attempt to obtain an alternative mailing address from USPS (see RPTL 1125 [1] [b] [i]; Matter of County of Sullivan [Dunne—Town of Bethel], 111 AD3d 1232, 1234-1235 [2013]). Only if no alternative mailing address can be found is the enforcing officer required to post notice of the tax foreclosure proceeding “on the property to which the delinquent tax lien relates” (RPTL 1125 [1] [b] [iii]; [c]; see Lakeside Realty LLC v County of Sullivan, 140 AD3d at 1454).
 

 In support of its cross motion, the County proffered, among other things, the affidavit of Diane Stauble, the Tax Supervisor for the County’s Department of Finance. Stuable indicated that she sent the requisite certified and regular first class mailings to the record owner of the subject property that was on file with the County Clerk’s office—i.e., plaintiff’s former principal address. Stauble acknowledged that both mailings were subsequently returned by USPS and marked “not deliverable as addressed, unable to forward.” Staubler indicated—and plaintiff conceded at oral argument—that she then attempted to obtain an alternative address for plaintiff from USPS (see RPTL 1125 [1] [b] [i]) in conformity with the procedure that she had utilized for the last nine years. She acknowledged that no response was subsequently forthcoming from USPS. Staubler indicated that, upon determining that no new address was reasonably ascertainable from the County Clerk’s records, she directed that notice of the foreclosure proceeding be posted on the subject property in compliance with RPTL 1125 (1) (c).
 
 [2]
 
 Contrary to plaintiff’s assertion, RPTL article 11 does not impose any obligation on the County to make multiple attempts to obtain an alternative mailing address from the USPS (see RPTL 1125 [1] [b] [i]; Matter of County of Sullivan [Fay], 79 AD3d 1409, 1411 [2010], lv dismissed 17 NY3d 787 [2011]). Accordingly, we find that the County complied with the notice obligations set forth in RPTL article 11 (see Matter of Harner v County of Tioga, 5 NY3d 136, 140-141 [2005]; Matter of County of Sullivan [Fay], 79 AD3d at 1411).
 

 We similarly find unavailing plaintiff’s contention that the County violated its constitutional due process rights by failing to send notice of the tax foreclosure proceedings to its attorney at the address listed in its 2011 deed. It is well-settled that, in a tax foreclosure proceeding, “the requirements of due process are satisfied where notice [is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections” (Matter of Harner v County of Tioga, 5 NY3d at 140 [internal quotation marks and citation omitted]; accord McCauley v Holser, 136 AD3d 1256, 1259 [2016]; see Kennedy v Mossafa, 100 NY2d 1, 9 [2003]). “Whether there has been compliance with the flexible concept of due process turns on a case-by-case analysis that measures the reasonableness of a municipality’s actions in seeking to provide adequate notice” (Lakeside Realty LLC v County of Sullivan, 140 AD3d at 1452 [internal quotation marks and citations omitted]). Notably, due process does not “require local taxing authorities to undertake extraordinary efforts to discover the location of a property owner whose address cannot be located in the public records” (Matter of County of Clinton [Greenpoint Assets, Ltd.], 116 AD3d at 1208).
 

 In her affidavit, Staubler concedes that during her search of the County Clerk’s records, she reviewed the original 2011 deed that conveyed the subject property to plaintiff and observed an address listed for plaintiff’s attorney. She explained, however, that she thereafter reviewed plaintiff’s property transfer report on file with the County Clerk’s office and deduced that the attorney’s address was not plaintiff’s tax billing address at the time that the property was conveyed. She therefore concluded that the County Clerk’s records provided no new address for plaintiff that was reasonably ascertainable. We discern no error in the County’s failure to send notice to an address listed for plaintiff’s attorney on the 2011 deed where, as here, it was “not possible to discern from the face of the document that the attorney represented” plaintiff at that time (Kennedy v Mossafa, 100 NY2d at 10) or otherwise had an interest in the property (see Matter of City of Hudson, 114 AD3d 1106, 1109 [2014], appeal dismissed 23 NY3d 984 [2014], lv denied 24 NY3d 903 [2014]). Additionally, as the record owner of the subject property, plaintiff bore the responsibility of updating its address with the County’s enforcing officer in order to protect its ownership interest therein (see RPTL 1125 [1] [d]; Matter of Harner v County of Tioga, 5 NY3d at 140; Lakeside Realty LLC v County of Sullivan, 140 AD3d at 1454). Since nearly three years passed without plaintiff having discovered that it had failed to receive and/or pay its tax bills for the subject property—nor had it otherwise made inquiry as to whether the County had actually received notice of its change of address—it was an appropriate exercise of discretion for Supreme Court to take such failure into account in evaluating the adequacy of the County’s notice and, thereafter, denying plaintiff’s motion for summary judgment (see RPTL 1125 [1] [d]; Lakeside Realty LLC v County of Sullivan, 140 AD3d at 1454-1455). Accordingly, we find that the County satisfied its constitutional due process obligations (see Lakeside Realty LLC v County of Sullivan, 140 AD3d at 1455). The parties’ remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
 

 Lynch, Rose, Aarons and Pritzker, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 [1]
 

 . Delacorte, individually, opposed plaintiff’s motion for summary judgment. However, none of the individual defendants otherwise joined or took part in the County’s cross motion for summary judgment. Nor did any of the individual defendants elect to participate in the instant appeal.
 

 [2]
 

 . We find, no merit to plaintiff’s contention that the County failed to comply with the posting requirements of RPTL 1125 (1) (c). The County proffered the affidavits of Mark Kluberdanz, a senior tax map specialist, and Thomas Beisswenger, a junior accountant, who both unequivocally indicated that they went to the subject property and posted notice of the subject proceeding by nailing it to a tree located on the premises. Photographs provided by both the County and Delacorte sufficiently demonstrate, and serve to confirm, the assertions of Kluberdanz and Beisswenger that the posting was clearly visible from the road.