Matter of County of Broome (2018 NY Slip Op 04613)





Matter of County of Broome


2018 NY Slip Op 04613


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525281

[*1]In the Matter of the Foreclosure of Tax Leins by COUNTY OF BROOME. COUNTY OF BROOME, Respondent; HASAN CEKIC, Appellant.

Calendar Date: May 4, 2018

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Douglas Walter Drazen, Binghamton, for appellant.
Robert G. Behnke, County Attorney, Binghamton, for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Broome County (Cawley Jr., J.), entered October 3, 2016, which, in a proceeding pursuant to RPTL article 11, denied respondent's motion to vacate a foreclosure judgment entered against him.
Respondent is the owner of an eight-unit apartment building located at 219 Main Street in the Village of Johnson City, Broome County. After respondent allegedly failed to pay his 2014 Town and County taxes for the subject property, petitioner commenced the instant in rem tax foreclosure proceeding pursuant to RPTL article 11. Respondent thereafter elected not to redeem the property by paying the applicable unpaid tax lien prior to expiration of the redemption period (see RPTL 1123 [6]; 1110) and, instead, interposed an answer. Petitioner then moved for summary judgment, and respondent opposed that motion. County Court subsequently granted petitioner's motion, awarding possession of the subject property to petitioner. Respondent then moved to vacate County Court's judgment (see CPLR 5015 [a], [b]), alleging, among other things, that he paid his 2014 Town and County taxes or, in the alternative, that the statutory notice of foreclosure was misleading and violated his right to due process. County Court denied respondent's motion and this appeal ensued.
Respondent contends that the statutory notice contained in the amended petition — which [*2]conforms with RPTL article 11 (see RPTL 1123 [8]; 1124 [3]) — violates the requirements of due process because it is misleading in that it fails to adequately inform an individual that, should he or she elect to file an answer rather than exercise the right of redemption, his or her unexercised right of redemption is not thereafter preserved. He further contends that, should said answer subsequently be determined to be nonmeritorious, the property owner is precluded from redeeming the property, regardless of any affirmative ability to pay the applicable unpaid tax lien at that time. We find respondent's argument to be unpersuasive. Inasmuch as tax proceedings are entitled to a presumption of regularity, respondent had "the burden of affirmatively establishing a jurisdictional defect or invalidity in . . . the foreclosure proceedings" (Kennedy v Mossafa, 100 NY2d 1, 9 [2003]; see RPTL 1134; Lakeside Realty LLC v County of Sullivan, 140 AD3d 1450, 1452 [2016], lv denied 28 NY3d 905 [2016]). As relevant here, in a tax foreclosure proceeding, "the requirements of due process are satisfied where notice is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (Matter of Harner v County of Tioga, 5 NY3d 136, 140 [2005] [internal quotation marks, brackets and citation omitted]; accord Landing Woods of Ulster, LLC v County of Ulster, 156 AD3d 1009, 1011 [2017]; see Jones v Flowers, 547 US 220, 235-236 [2006]; Kennedy v Mossafa, 100 NY2d at 9). Here, there is no dispute that respondent received notice of the foreclosure action, chose to forgo exercising his right of redemption, filed an answer and, subsequently, submitted an affirmation in opposition to petitioner's motion for summary judgment. Respondent, therefore, was provided all the due process to which he was entitled.
Upon commencement of a foreclosure action, due process does not require that affected real property owners be informed of each and every statutory requirement set forth in RPTL article 11. Notably, although the statutory notice of foreclosure does not specifically identify the preclusive effect that filing a nonmeritorious answer in such action has on the ability for the property owner to subsequently exercise the right of redemption (see RPTL 1124 [3]), RPTL 1136 (2) (a) states plainly that, "[i]f the court determines that the answer is not meritorious, the court shall make a final judgment awarding to such tax district the possession of the affected parcel or parcels" (emphasis added). Accordingly, where, as here, respondent was provided adequate notice of the foreclosure action and was able to timely respond thereto, "[e]quity does not require . . . the court [to] strain to interpret the terms of a [statutory notice of foreclosure] in a manner that is contrary to reason, merely to salvage for the [property owner] rights that [he or she] has lost as a result of [his or her] own neglect or tactical decision" (First Natl. Bank of Downsville v Atkin, 279 AD2d 779, 781 [2001] [internal quotation marks and citation omitted]; compare Matter of Dutchess County [Putnam County Natl. Bank of Carmel], 107 AD3d 989, 990 [2013, Leventhal, J., concurring], lv denied 22 NY3d 852 [2013]).
Lastly, we find unavailing respondent's contention that, under the circumstances, County Court should have granted his motion to vacate the judgment, thereby extending his time to redeem the property. The time for exercising the right of redemption is fixed by statute and is in the nature of a statute of limitations such that "a court is precluded from extending the time to redeem" (Matter of City of Binghamton [Ritter], 128 AD2d 266, 268 [1987]; see Stone Bridge Farms, Inc. v County of Columbia, 88 AD3d 1209, 1213 [2011]; compare Matter of County of Genesee [Butlak], 124 AD3d 1330, 1331 [2015], lv denied 25 NY3d 904 [2015]; see also RPTL 1110 [2]; 1136 [2]).
Garry, P.J., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.